APPLETON vs. BARRETT and others.

*Instructions; error when disregarded.    Replevin; previous demand, what sufficient.*

1. Where the verdict and judgment are clearly right upon the evidence, errors in instructing the jury, or in other respects, which could not have changed the result, must be disregarded.
2. Where articles of personal property, belonging to plaintiff but in defendant's possession, were numerous and scattered in different places, and defendant peremptorily refused to surrender any part thereof, it was not necessary, in order to make a sufficient *demand* before suit, that plaintiff should endeavor to compel defendant to go with him from place to place to have several articles pointed out, or should even compel him to read, or hear read, a list of them.

APPEAL from the Circuit Court for *Sheboygan* County.

This action was commenced in June, 1866, to recover between 600 and 700 distinct articles of personal property, consisting of furniture, tools and materials, such as are commonly used about railroads, depots and machine shops. The complaint alleged title in the plaintiffs, possession by the defendant, a demand for its return, and defendants' refusal to give it up, and demanded judgment for the property or its value, and for damages for its detention. The answer of defendant *Barrett* denied all the material allegations of the complaint, and alleged that the property claimed belonged to the Sheboygan and Fond du Lac Railroad Company, and that he was receiver of said

company, and held the property as such receiver. The other defendants were sureties in the undertaking given by the defendant *Barrett*, to retain the property.

The proof showed that the plaintiff was a contractor for the construction of the Sheboygan & Mississippi Railroad, and as such had operated a portion of the road for his own benefit until the sale thereof in March, 1861, on foreclosure of a mortgage, and that after the formation of the Sheboygan and Fond du Lac Railroad Company by the purchasers at the foreclosure sale, he had operated it as superintendent, under a resolution of the directors authorizing him to do so, and to receive the earnings and pay the disbursements for wages of employees and other running expenses, necessary repairs of the road and equipment and percentage to the state, and for his own services, and expressly restricting his expenditures to the earnings of the road; that during the time he so operated the road, he purchased the articles of personal property claimed, the greater part of them with his own money, and used them in operating the road while he managed it, and left them with one Reed, his assistant superintendent, who was appointed superintendent by the defendant *Barrett*, after he took possession as receiver in 1865, and they continued to be used in operating the road; that such articles were distributed along the line of the road; that he made a personal demand of the defendant *Barrett* in the passenger station at Sheboygan, saying to him, "I have come to demand possession of my property in your hands, and here is a list;" tendering the list; and the defendant replied he "should not deliver any of it," without taking or reading the list; that the party making the foreclosure sale informed purchasers that he offered all that belonged to the company, and stated there were some articles around there that belonged to the plaintiff, *Appleton*; that the company purchased some tools of the plaintiff; that the defendant had made various admissions of plaintiff's title to property used by the road, such as he claimed; and that the earnings of the road were not sufficient to pay the

necessary running expenses. The mortgage under which the road was sold, covered all the property of the company, including "cars, machinery, tools and implements, wood and property, connected with the proper equipment, working, operating, and conducting the road," all which were declared to be "fixtures and appurtenances," to be sold with the road and not separated therefrom.

It is not necessary to notice the instructions given to the jury, further than to say that the first five, given at the request of the plaintiff, relate to his title, and the seventh to the title necessary to be shown by defendant to defeat plaintiff's recovery; and that the instructions asked by the defendant and refused by the court, related to the sufficiency of the plaintiff's demand.

The jury found a verdict for the plaintiff, and on his motion judgment was ordered to be entered against the sureties as well as against the defendant himself; and the plaintiff having given notice in open court of his election, to take a judgment absolutely for the value of the property, a judgment was entered accordingly; but it was afterward set aside on plaintiff's motion, and a new judgment in the alternative form entered.

Defendants appealed.

*Bentley & Seaman*, for appellants, claimed that it was error to admit proof of the aggregate value of all the articles claimed; that the plaintiff, having mixed his property with that of the company, could not reclaim it until he had clearly pointed it out to the innocent possessor; that the demand was insufficient, citing *Colegrave v. Dias Santos*, 2 B. & C., 76; *Breese vs. Bange*, 2 E. D. Smith, 474; that the original judgment was bad, and the court had no power to set it aside and direct the entry of another in its place, citing *Edwards v. Janesville*, 14 Wis., 26; *Boyd v. Blaisdell*, 15 id., 73; *Wyman v. Buckstaff*, 24 id., 477.

*Gerritt T. Thorn*, for respondent, argued that the plea of general denial, and that of property in defendant were repugnant to each other, citing *Bourk v. Riggs*, 38 Ill., 320; *Gray v.*

*Parker*, 38 Mo., 160; *Hartwell v. Page*, 14 Wis., 49; *Blankman v. Vallejo*, 15 Cal., 644; *Busenious v. Coffee*, 14 id.,91; *Kuhland v. Sedgwick*, 17 id., 123; that it was not necessary for plaintiff to aver a demand and refusal, citing *Oleson v. Merrill*, 20 Wis., 462; *Seaver v. Dingley*, 4 Greenl., (Me.), 306; *Galvin v. Bacon*, 2 Fairfield, (Me.), 28; *Lewis v. Masters*, 8 Blackf. (Ind.), 244; *Beebe v · DeBaun*, 3 Eng. (Ark.), 564; *Morris on Replevin*, 77, 78-123-133; *McNeil v. Arnold*, 17 Ark., 173; *Gray v. Nations*, 1 id., 557; *Dunham v. Converse*, 28 Wis., 306; that the property need not be present or pointed out, citing *Breidert v. Vincent*, 1 E. D. Smith, 542; and that the court below had the right to correct its judgment, citing *Sexton v. Pickett*, 24 Wis., 346.

DIXON, C. J. A careful perusal of the somewhat voluminous bill of exceptions in this case, which is certified to contain all the testimony given on the trial of the cause, confirms in our minds the truth of the remark of the judge to the jury, that, " after all, the whole evidence tends to but two or three points, and the case is really not so intricate as might at first thought be supposed." It is really, on its merits, and without regard to purely technical points and objections, a case of no doubt or intricacy whatever. The plaintiff's title and right of possession of the property in controversy was most clearly established, and with as much precision and particularity of evidence as the nature of the property, the number and diversity of the articles, and its situation, would admit of; and against the case so made the defendants offered the least possible proof, a mere spark as it were, consisting of an alleged verbal admission of the plaintiff, which was contradicted or fully explained on his part. With a verdict and judgment against them, so sustained on the merits and resting on grounds of substantial justice and right, the defendants come here seeking a reversal upon points of the merest technicality, we might almost say, of cavil. As, under the evidence which was correctly received, the jury could not have found differently, the case is a proper one for the applica-

Bowman vs. Bartlett and others.

tion of the rule that, where the verdict and judgment are clearly right upon the evidence, error of instruction or error in any other respect, which could not have affected the verdict or changed the result, will be disregarded on appeal. The court will not, under such circumstances, pause to consider such errors, but they will be looked upon as immaterial. *Andrea v. Thatcher*, 24 Wis., 471, 477; *Cuthbert v. City of Appleton*, id., 383; *Roach v. The Town of Menomonie*, id., 527; *Mather v. Hutchinson*, 25 id., 27. And the same is the rule of the statute, as this court has over and over again decided. See *Bowman v. Van Kuren*, *ante*, p. 209, and cases there cited.

The objection to the demand made for the property was wholly untenable. The plaintiff was not required to commit assault and battery, or subject himself to an action for false imprisonment, by taking the defendant, in whose possession the property was, forcibly over the road to point out to and demand of him the delivery of each article by itself, in order to maintain his action. He could not even compel the defendant to read the list, or hear it read. It was enough that the defendant peremptorily refused to surrender any of the property to excuse any further effort at specification, or particular demand of the different articles, on the part of the plaintiff.

The charge of the court, contained in the first five instructions given at the request of the plaintiff, was clearly correct, and enough upon the subject. There may have been some inconsistency between the seventh instruction given on plaintiff's request, and the first three points charged at the request of the defendant; but this is immaterial, on the ground above stated, as indeed are all the other objections and exceptions urged.

*By the Court* — The judgment is affirmed.