HOMAN v. LABOO.

## Homan v. Laboo.

1. INSTRUCTION TO JURY *after they have retired.* It is perfectly proper when a jury returns into court and requests further instructions, for the judge, in the presence of the parties or their counsel, to repeat what he has already said, or add whatever is proper in the case, which will aid them in reaching a conclusion.

2. ——: *Presumptions of correctness.* If the record does not show that it contains all the testimony, it will be presumed that there was evidence which would justify a charge of the court, although it does not appear at large.

3. REPLEVIN: *Demand.* Under the Code, in Nebraska, in an action of replevin. in which ownership in the plaintiff is established, proof of demand by him of the defendant of the property before suit, is not necessary to maintain his action.

4. ——: ——. If, at the service of the order, the defendant is not the owner of, or has not a special interest in the property but holds the same innocently, only nominal damages can, without demand, be recovered by him.

5. ——: ——. If such be the fact he should so plead, and then he will have nominal damages and costs.

6. ——: ——. If such be the fact, but he alleges property in himself, bemand need not be proved in order to maintain the action against him.

This was an action of replevin of a pair of mules, brought by Homan against Laboo and Ward, in the District Court for Otoe county.

Laboo answered separately, alleging that he was the owner of the property.

The cause was tried to a jury. The plaintiff was sworn on his own behalf, and testified that he was surety for Ward in a replevin suit pending before a justice of the peace, in Douglas county, and that Ward placed the mules in his possession as security. While they were there, Ward came to him and told him he had gotten one Jennings to take his place on the bond, and would get him, Homan, released from his liability thereon, with which the latter

HOMAN *v.* LABOO.

expressed satisfaction. The following morning, Ward went to the plaintiff's stable before he was there, and told the man in charge that he had arranged with Mr. Homan that he should have the mules, and then took them away. Homan had been compelled to pay the bond which he was on for Ward. He found the animals in Laboo's possession and brought this action.

Laboo showed that he purchased them of Ward just after they were taken from Homan's stable. The bill of exceptions did not show whether it contained all of the testimony or not.

After the jury had been charged by the court, and had retired and had deliberated sometime, they returned into court saying, that they could not agree because of differences of law and of fact. The court then instructed them as follows : " Although you may believe from the evidence that the defendant, Ward, left the mules in controversy with the plaintiff Homan, and that he obtained possession of them from Homan by false and fraudulent representation, yet if Homan, after having parted with them, let them remain in Ward's possession two or three months, and permitted Ward to hold them out to the world as his own property, and Ward sold them to Laboo, an innocent purchaser, then you should find for the defendant, Laboo. If, in this particular case you find no demand, you should find for the defendant.

The jury returned a verdict for Laboo for three hundred and thirty-eight dollars and seventy-three cents, upon which judgment was entered.

The plaintiff brings the cause here by petition in error.

*Calhoun* and *Croxton*, for plaintiff in error.

No one can give what he has not himself; and, therefore, no one can give a good title who has no good title.—1*st*

### HOMAN v. LABOO.

*Parsons on Contracts, book* 3, *Ch.* 4, *p.* 520 ; *McGrew* v. *Browder,* 14 *Mart (La.)* 17 ; *Roland* v. *Grundy,* 5 *Ohio,* 202 ; *Browning* v. *Magill,* 2 *Har. & J.* 308 ; *Dame* v. *Baldwin,* 8 *Mass.* 518; *Wheelwright* v. *Depeyster,* 1 *Johns.* 479 ; *Hosack* v. *Weaver,* 1 *Yates,* 478 ; *Lance* v. *Cowan,* 1 *Dana,* 195 ; *Ventress* v. *Smith,* 10 *Peters,* 161.

Where a person has acquired property by fraudulent representations, he acquires no right in the property, and the owner may retake the same, in the same manner as he would be permitted to retake stolen property.—*2nd Parsons, part* 2 *ch.* 3, *p.* 786 ; *Hodgeden* v. *Hubbard,* 18 *Vt.* 504.

If a vendee (or person) obtains possession of goods or chattels by fraud he can derive no rights, and the vendor (owner) can lose none by such delivery.—*Earle of Bristol* v. *Willsmore,* 1 *B. & C.* 514; *Hussey* v. *Thornton,* 4 *Mass.* 405; *Donahue* v. *Cromartie,* 21 *Cal.* 80; *1st Parsons on Contracts, book* 3, *ch.* 4, *p.* 527.

We claim that no demand was necessary in this case. And, if necessary, we refer to the decision of this court, recently made in a case to us unknown.

*T. B. Stevenson,* for defendant in error.

It is not error to instruct the jury in open court even after they have retired to consider of their verdict.—*Code, Title* 9, *Sec.* 287; *O'Connor* v. *Guthrie & Jordan,* 9 *Iowa,* 80; *State of Iowa* v. *Pitts,* 9 *Iowa,* 343.

All the instructions taken together, especially in a civil case, must be erroneous to sustain error. One single paragraph of the instructions, though, if alone erroneous, is not sufficient.

There is no error in the instructions in this case, as the case was replevin in *detinet,* and there is no proof that Peter Laboo wrongfully took, or obtained the property by

HOMAN v. LABOO.

fraud, but the proof shows Laboo to have been a *bona fide* innocent purchaser, for a valuable consideration, actually paid.

Therefore, a demand for the property should have been made before suit brought.—*Barrett* v. *Warner*, 3 *Hill*, 348 *and cited cases*; *Stanchfield* v. *Palmer*, 4 *Green, Iowa*, 23, *and cases cited*; *Ingalls* v. *Buckley*, 13 *Illinois*, 315; *Storm* v. *Livingston*, 6 *John.* 44; *Millspaugh* v. *Mitchell*, 8 *Barb. Supreme Court*; *Mowrey* v. *Walsh*, 8 *Cowan*, 238; *Rowley* v. *Bigelow*, 12 *Pick.* 307; 3 *Phillips' Evidence, p.* 412; *Gilchrist* v. *Moore*, 7 *Iowa*, 9.

CROUNSE, J.

Upon the trial of this cause in the court below, the jury having been out awhile, returned into court and announced that they were unable to agree, because of differences among them upon questions of law as well as upon questions of fact. The judge, thereupon, gave them additional instructions, after which they returned a verdict. We see no error in this. The practice is quite usual. Jurors not unfrequently disagree in their recollections of testimony, or misapprehend the language and meaning of the judge's charge, and there can be no impropriety, with the parties present, in having the court repeat what has already been said, or add that which may be proper in the case for the enlightenment of the jury. It is better than that the jury should be driven into finding a verdict, in ignorance, or under misapprehension, or that the parties should be subjected to the expense and annoyance attending a disagreement. We think, however, that the exception was well taken, to so much of the charge so given, as directs the jury that, "if in this particular case you find no demand, you should find for the defendant."

The action was replevin brought by Homan against

HOMAN *v.* LABOO.

Laboo and Ward to recover possession of a span of mules. Ward, it is claimed, wrongfully took the mules from Homan's stable. Some time after the taking, as plaintiff swears, he found them in possession of defendant Laboo, from whom he demanded them, but who refused to deliver them up. The record, although containing the testimony of the defendant Laboo, with that of other witnesses sworn on the trial, shows nothing contradictory nor calling in question the truthfulness of plaintiff's testimony on this point. Neither does it contain a statement that all the testimony taken on the trial appears therein, and we must assume that evidence was given that made the question of demand an open one; otherwise it would have been error for the court to mislead the jury by treating that as doubtful, which was clearly settled by the testimony.

Regarding the question of demand then, as one of fact, liable to be determined against the plaintiff, the instruction of the court in respect to it became quite material. Particularly is this so in view of the circumstances under which it was given. This charge was upon one of two points for advice upon which it appears the jury had returned. They could not have found Laboo to be the owner of the property : else, why concern themselves about a demand. So, while it is probable that, in the opinion of the jury, Homan was the owner of the property, this instruction of the court, directing them to find unqualifiedly for the defendant, in case of no demand, may have been the inducement to the verdict given. This cannot be the law. Where a defendant has come rightfully into possession of property in an action of trover and conversion, we can readily see the importance of evidence of demand. There the action proceeds upon the tortious act of converting plaintiff's property. To show him guilty of this, evidence of a demand and a refusal while he was possessed of the property, is introduced. So in the case of dependant covenants, to

HOMAN v. LABOO.

subject one of the parties to an action at law, there must be a tender of performance, and demand made by the other. But, whatever may be the law under the statutes of those States where the action is made to rest upon the wrong involved; where before trial the defendant may have a return of the property; where the judgment is in the alternative, for the property or its value; and where, as in New York (*vide* 2 *R. S.* 523), the declaration must contain an averment of demand and refusal, in replevin under the statute of Nebraska, and under the issue here formed, I can see no necessity for a demand. As in this case, upon filing the required affidavit and bond, the plaintiff possesses himself of the property, and there is no way either before, or by force of the judgment, that the defendant can have a return of it. It is then for the jury to find, upon issue joined, to whom, at the commencement of the action, belonged the right of property, or the right of possession. —*Sections* 191, 192, *Code*.

Section 191 directs that : "In all cases where the property has been delivered to the plaintiff, where the jury shall find upon issue joined for the defendant, they shall also find whether the defendant had the right of the property, or the possession only, at the commencement of the suit; and if they find either in his favor, they shall assess such damages as they think right and proper for the defendant, for which, with costs of suit, the court shall render judgment for the defendant."

In the case before us, Homan claimed the property as pledgee. Laboo answering, does not disclaim ownership, nor put in the plea of *non detinet*, under which, with the right of Homan established as pledgee, he might have claimed protection from costs, as an innocent party upon whom no demand had been made ; but beside denying Homan's claim, and charging conspiracy between Homan and Ward, he avers, " that he is the owner of said mules,

[S. C. N.]          14

HOMAN *v.* LABOO.

and entitled to the possession of the same. Ownership was a proper plea, and the one he chose to tender. Homan's right as pledgee, did not depend upon a demand; nor could his omission to make it, establish a right of property in Laboo. The property, under the writ of replevin, had passed irrecoverably into the hands of Homan. If the property, at the time it was so taken under that process, was not that of Laboo, (and he claimed no special ownership) the only damage to which he was subjected, was that of being sued while he was innocently in possession ot the mules, and before a demand was made for them. Had he chosen this attitude, he would have been entitled to a charge from the court, that if no demand was made he must recover nominal damages. This would have given him his costs. But having pleaded property in himself, the issue required no proof of demand and refusal. *Morris on Replevin*, 78. It would be unjust to impose upon the plaintiff the costs of trying an issue forced upon him by the defendant, when he is successful, because he fails to establish matters not presented by the pleadings, nor relied on by the defendant. The judgment must be reversed, and a trial *de novo* awarded.

Reversed and remanded.