WILLIAM GUTHMAN, PLAINTIFF IN ERROR, V. ANDREW KEARN, DEFENDANT IN ERROR.

1. **Tender.** In May, 1876, K. entered into a contract with G. to herd 22 head of cattle during the season of grazing, for twenty-five cents per head per month. In September of that year G. was garnisheed for $20 in an action pending against K.; soon thereafter K. notified G. to take his stock away or he would not be responsible for them. At the time designated G. went to the residence of K. and informed him that he had been garnisheed for $20, but would pay the balance due. K. refused to deliver the stock without payment in full, including the amount garnisheed. *Held*—1. That the question, whether K. by his conduct had waived the production of the money, should have been submitted to the jury. 2. That an offer by K. to receive the amount due after an action of replevin had been commenced, would not defeat the action.

2. ————: WAIVER. Ordinarily, to make a valid tender, the money should be actually produced, but if the creditor dispense with its production, or do any thing which is equivalent thereto, and the debtor has the money at the time, and is ready to produce it, the production of the money will be deemed waived.

ERROR from the district court for Cass county. The case is stated in the opinion.

*Sam. M. Chapman*, for plaintiff in error.

1. The law is not so unreasonable as to require a tender or demand when it appears from defendant's conduct that it would be useless, and an absolute refusal to do the act for which the money is to be paid waives a tender. *Vaupel v. Woodward*, 2 Sand., Chan. Rep., 143. *Beacham v. Eckford's Ex.*, 2 Sand., Chan. Rep., 131. *Stone v. Sprague*, 20 Barb., 509. *Richie v. Huntington*, 7 Kan., 249. *Corbitt v. Alvord*, 15 Wis., 186. *Bicket v. White*, 1 Cin. Sup. Ct., 170. *Isham v. Greenham*, 1 Handy, *361. *Borden v. Borden*, 5 Mass., 74.

2. The payment of charges by Guthman, could not be made a *condition precedent* to the accounting and offer of delivery of the stock by Kearn. They must be simultaneous acts. *Isham v. Greenham*, 1 Handy, *361. *Christie v. Lewis*, 2 B. & B., 410. *Hammond v. Gillman*, 14 Conn., 479. *Tote v. Week*, 8 Taunt., 280 and 302.

3. If a tender and settlement be avoided by a defendant he cannot aftewards object that no tender was made. *Gilmore v. Holt*, 4 Pick, 258. *Southworth v. Smith*, 7 Cush., 391. *Wheeler v. Knaggs*, 8 Ohio, 169. Fry on Specific Perfm., Sec. 619. *Isham v. Greenham*, 1 Handy, Ohio, *361.

*Willet Pottinger*, for defendant in error.

To make a tender, the person tendering must actually produce the money—the exact amount—and offer

the same to the other party. And in no way can the above requirements be waived unless the person making the tender has the exact amount of money which he wishes to tender and offers to produce it, and the other party expressly tells him he need not present it, for he will not take or receive it. None of the above requirements were complied with. *Bakeman v. Pooler*, 15 Wend., 637. *Hornby v. Cramer*, 12 How. Pr., 490. To make a tender good it must not be coupled with any condition whatever. The person making the tender cannot even demand a receipt or any thing that might prejudice the party's right. All he can require of the other party is for him to take or receive the money so tendered. This wise provision, adopted in the law of tender, is for the purpose that the party to whom the tender is made can take it freely, without any prejudice to any further rights that he might have in the matter over and above the tender so made. In the case at bar, the proposition made by the plaintiff to the defendant was that the defendant should give up the cattle when this balance was paid; and on this condition would plaintiff pay and none other. *Wood v. Hitchkock*, 20 Wend., 47. To keep a tender good, the person making the tender must be prepared to pay the tender money ever afterwards; and if after tender made, the party to whom tendered should at any time demand the tendered money and the other party fails to pay the same, then the tender fails from the beginning. *Kortright v. Cady*, 23 Barb., 490.

MAXWELL, CH. J.

In May, 1876, the defendant entered into a contract with plaintiff to herd twenty head of plaintiff's cattle during the season of 1876 for the sum of twenty-five cents per head per month. In September of that year

one Leuchitwise commenced an action in the county court of Cass county against the defendant, and proceedings in garnishment were had against the plaintiff in this cause for the sum of $20.

In October, 1876, the plaintiff instituted an action of replevin against the defendant to recover possession of the cattle in controversy. The defendant answered the petition of the plaintiff, alleging that there was due him for keeping said stock the sum of $29.20, no part of which had been paid; and that the defendant had a lien upon said stock for said charges. No objection seems to be made by the defendant to the $20 which the plaintiff claims to have paid for the defendant under the proceedings in garnishment, and the only matter in dispute is in regard to the tender of the sum due from the plaintiff to the defendant in excess of the $20 garnisheed. On the trial of the cause the court instructed the jury as follows:

"You are instructed that plaintiff cannot maintain this action, having made no tender of amount due defendant on the contract price for herding the cattle in controversy, and you will find for the defendant, and assess his damages at such sum as you shall find due him for such herding, and also damages for the wrongful detention of said cattle by plaintiff, which, under the evidence, can only be nominal." Plaintiff excepted to the instruction given, and requested certain instructions, which were refused. The jury returned a verdict for the defendant for the sum of $8.12, upon which judgment was rendered. The plaintiff brings the cause into this court by petition in error.

The "act to provide for liens upon live stock for their keeping," approved February 18, 1867, provides, "that hereafter when any person shall procure, contract with, or hire any other person to feed and take care of any kind of live stock, it shall be unlawful for

him to gain possession of the same by writ of replevin, or other legal process, until he has paid or tendered the contract price, or a reasonable compensation for taking care of the same." Gen. Stat., 91. The instruction given by the court is predicated on the assumption that there was no tender by plaintiff of the amount due for herding. It seems to be conceded that the $20 for which the plaintiff was garnisheed was thus applied. As to the balance due, the testimony of the plaintiff is as follows: "We offered him the money to pay all over the garnishee, but he said he would not let us have them without paying every cent, garnishee and all."

Snyder testifies: "We got notice from Mr. Kearn to take our stock from the herd, and to settle our herding bill, for he would not be responsible for our stock after such day. We went right over for our cattle, but we could not get them. We did not want to pay twice, for it was partly garnisheed. We asked Mr. Kearn if we could get the cattle, and he said not without we paid all; then he afterwards said he did not know, he would see the herder."

Mr. Metzger testifies: "Well, we went there and tried to get the cattle, and we told him we would pay the money over the garnishment. I said I did not know what to do, but he would not let us have the cattle, and we could not take them. We calculated to pay over the garnishment." And this testimony is not denied by the defendant. He testifies: "Mr. Guthman said, the time he came for his stock, he had some thirty head that he brought. That as quick as he came he talked about replevying out some twenty head—only his stock; the others belonged to his brother or brother-in-law. The stock he talked of replevying he would settle for, it being $29.12, and the other stock was $20. On the other part of the stock he said a steer was missing," etc.

Ordinarily to make a valid tender the money should be actually produced; but if the creditor dispense with such production, or do anything which is equivalent thereto, and the debtor have the money at the time, or is ready to produce it, there is no necessity for producing the money. 2 Greenleaf Ev., § 603. *Wheeler v. Kruggs*, 8 Ohio, 173. *Behaly v. Hatch*, Walker (Miss.), 369. *Breed v. Hurd*, 6 Pick, 356.

In *Wheeler v. Kruggs, supra*, one Wellman went to the house of the defendant with ten thousand dollars in current bank notes, and informed him that he had the money and demanded the fulfillment of the agreement; he told the defendant there was sufficient time and he would obtain the specie for him if he required it. The defendant replied that he would accept bank notes as soon as specie, but he would take neither, nor would he ratify the sale. It was held that this was a sufficient tender.

In the case at bar the defendant claimed the sum of $20, for which the plaintiff had been garnisheed, and apparently refused to surrender the cattle without such payment. This, so far as the testimony discloses, he had no right to do. If there was a *bona fide* offer on the part of the plaintiff to pay the balance, amounting to about the sum of $8, to the defendant, and the defendant refused to receive it, claiming the whole amount, including that for which the plaintiff had been garnisheed, it is sufficient to justify a jury in finding that the defendant waived the production of the money. 2 M. & S., 86. *Sells v. Hoare*, 12 Eng. C. L., 35. And that question should have been submitted to the jury. The fact that the defendant offered to accept $8.12 balance after the action of replevin was instituted can make no difference as to the plaintiff's right to maintain the action. The defendant is entitled to be paid the balance remaining unpaid, but if, after tender of the amount

due, he refused to permit the plaintiff to take his cattle away he is liable for costs. As the court refused to submit the questions of fact to the jury the judgment is reversed and the cause remanded for a new trial.

JUDGMENT ACCORDINGLY.