CLAUS PETERS, PLAINTIFF IN ERROR, V. ALBERT F. PARSONS, DEFENDANT IN ERROR.

1. **Chattel Mortgage:** DESCRIPTION OF PROPERTY. Where the property was described in a chattel mortgage as "one bay horse eight years old, weight about 1,200," and it was stated in the mortgage that the mortgagor, who was a resident of the county, was "lawfully possessed of said goods and chattels," *Held,* Sufficient to put a purchaser on inquiry.

2. ———: EXECUTION OF MORTGAGE BEFORE PAYMENT FOR CHATTELS. Where a party purchased horses upon condition that he should pay for them by a certain date, and paid for them at the time agreed upon, but before doing so he executed a chattel mortgage on them, *Held,* That so far as the mortgagee was concerned the title of the mortgagor related back to the date of purchase.

3. **Replevin:** DEMAND: COSTS. Where a defendant is rightly in possession of property the plaintiff must demand possession thereof before bringing an action of replevin, otherwise the defendant will not be liable for costs.

4. ———: ANSWER: GENERAL DENIAL INSUFFICIENT. A mere denial by the defendant in his answer of the facts stated in the petition is not an assertion of ownership of the property; and does not waive a demand where such demand is necessary before bringing suit.

ERROR to the district court for Lancaster county. Tried below before POUND, J.

*Charles O. Whedon,* for plaintiff in error.

*A. W. Field,* for defendant in error.

MAXWELL, J.

This is an action of replevin brought by the defendant in error against the plaintiff to recover the possession of "one bay horse, one sorrel horse," in which he claims a special ownership by virtue of a chattel mortgage executed

by one B. E. Glazier. It is alleged in the petition that the defendant (plaintiff in error) "wrongfully detains said property from the possession of this plaintiff," etc. It is also alleged that "prior to the commencement of this action the said plaintiff demanded possession of said property of defendant which said defendant refused and still refuses." The answer is a general denial. On the trial of the cause the jury found that the plaintiff below had a special ownership in the bay horse described in the petition, and that the value of the possession was the sum of $67.50. A motion for a new trial having been overruled, judgment was rendered on the verdict.

It appears from the evidence that in September, 1882, one Silas M. Clark, of Lancaster county, was the owner of the horses in question, and entered into a contract to sell the same to one B. E. Glazier for the sum of $160.

To obtain money to pay for them, and for other purposes, Glazier, on the 26th of September of that year, executed a chattel mortgage upon the horses in question and other property to the defendant in error. In this mortgage the horses are described as follows: "One bay horse 8 years old, weight about 1,200; one sorrel horse 10 years old, weight about 1,000." The mortgage contains this allegation: "And I, the said mortgagor, do solemnly declare and represent unto the said mortgagee that I am lawfully possessed of said goods and chattels as of my own property, that the same are free and clear of all incumbrances for obtaining the above money."

The testimony shows that Glazier was at that time residing in Lancaster county, and that the property was within that county. Soon afterwards Glazier traded the horses in question to the plaintiff in error for a span of mules. This action was brought against him to recover the possession of the property; but as he had disposed of the sorrel horse before the action was brought the bay horse alone was taken under the order of replevin.

The first error relied upon by the plaintiff is, that the description of the horses in the mortgage is not sufficient to charge third persons with notice.

In *Jordan v. Hamilton County Bank*, 11 Neb., 503, the description of the property was as follows: "Two mules, one bay and one brown, aged eight years; one bay horse, age five years, one black mare, aged eight years. * * * Nine acres of growing wheat situated on sec. 35, town 12, range 6." This was held to be sufficient. In this case the description of the property in dispute is "one bay horse eight years old, weight about 1,200," of which the mortgagor was possessed. This certainly is sufficient to put a purchaser on inquiry, particularly where the mortgagor appears to have possessed but one horse of that color, and it is shown that Glazier was actually using the horse in question for some time before and at the time he traded the same to the plaintiff in error.

Objection is made that the age of the horse is shown to have been much greater than was stated in the mortgage, consequently calculated to mislead. The testimony tends to show that the horse in question was about twenty years of age. There is no proof that Glazier had been informed by Clark as to the age of the horse when he purchased him, nor that it was a material part of the description. The bay horse is shown to have weighed about 1,200 pounds at the time of the execution of the mortgage, and to have had a star in his forehead and " some white on his feet." As Glazier possessed no other bay horse, the description seems to be sufficient.

2. The testimony tends to show that Glazier made a contract for the purchase of the horses about the 25th of September. Glazier had taken the horses on trial, under an agreement that if he did not pay for them he would pay $1.50 per day for their use. While in possession of them under this contract the mortgage was executed, the horses not being paid for until the 4th or 5th of the following

13

October.    The plaintiff claims, therefore, that Glazier possessed no interest that was susceptible of being mortgaged, therefore the mortgagee acquires no interest by the mortgage.    This position, however, is untenable.    While Glazier seems to have executed the mortgage before he was the full owner of the horses, yet he was in possession under a contract which resulted in his acquiring the full title from Clark; in other words, under a contract that if he paid for them by a day named the title was to be complete in him. This payment he made, and it related back to the time the contract was entered into.    The mortgage, therefore, is valid.

3.    That the defendant below came rightfully into the possession of the property, and as no demand was made upon him for the possession, he should not be taxed with costs.    It will be observed that it is alleged in the petition that a demand was made on the defendant below for the delivery of the property before the commencement of the suit.    This is denied in the answer, and there is no proof on that point, hence the plaintiff below has failed to that extent to make out his case.    In justification of the failure to prove a demand it is said in the brief of the plaintiff that, " in this case the defendant claimed the property as his, denied plaintiff's claim of title and right of possession, and contested every effort made by plaintiff to assert his rights and recover said property," citing *Homan v. Laboo,* 1 Neb., 209.    *Homan v. Laboo,* 2 Id., 291.    In the case cited in 1 Neb. it is said (pages 209, 210), "Laboo, answering, does not disclaim ownership nor put in the plea of *non detinet,* under which, with the right of Homan established as pledgee, he might have claimed protection from costs as an innocent party upon whom no demand had been made; but beside denying Homan's claim and charging conspiracy between Homan and Ward, he avers that he is the owner of said mules and entitled to the possession of the same."

In *Homan v. Laboo* the defendant claimed the property as his own. Being his own he would not deliver it to the plaintiff, hence the court held the demand would be of no avail, and was waived. *Johnson v. Howe*, 2 Gilm., 344. *Cranz v. Kroger*, 22 Ill., 74. *La Place v. Aupoix*, 1 Johns. Cases, 407. *Appleton v. Barrett*, 29 Wis., 221. Wells on Replevin, § 373. A mere denial of the plaintiff's right to the possession, however, is not a plea of property in the defendant, and does not waive a demand where one is necessary to entitle the plaintiff to recover. Where a party is in the rightful possession of goods the law presumes that he will deliver the same to the owner upon request, and it will not charge him with the costs of litigating the right to the possession of the same until his holding becomes wrongful, by reason of his refusal to deliver the goods. As there was no demand made in this case before bringing the action, the defendant below is not chargeable with costs. The judgment as to costs is therefore reversed, and judgment for costs is rendered against the plaintiff below. In all other respects the judgment is affirmed.

JUDGMENT ACCORDINGLY.

THE other judges concur.