## NEW HOME SEWING MACHINE COMPANY v. MINNIE BOTHANE.

*Contract of sale—Retention of title until full payment—Replevin by vendor—Demand—Damages—Waiver of return.*

1. A vendee in the *lawful* possession of a sewing-machine under a contract retaining the title in the vendor until paid for, and who has nearly paid for it, cannot be dispossessed by replevin without a prior demand.

2. In such a case, on waiving a return, the value of defendant's interest should be assessed at the purchase price, less the balance due, with interest from the time the property was replevied, it appearing that the machine had lost nothing in value.

Error to Wayne. (Gartner, J.) Argued May 18, 1888. Decided May 23, 1888.

Replevin. Plaintiff brings error. Judgment affirmed in part and reversed as to balance. The facts are stated in the opinion.

*Edward McNamara*, for appellant.

*James H. Pound*, for defendant.

CAMPBELL, J. In this case the plaintiff, who had sold defendant a sewing-machine for $65, all of which but $10 had been paid, replevied it without demand. The reason given on the trial was a failure to pay part of the price at the time specified. In the court below the jury were instructed that plaintiff could not replevy without a demand, and a verdict was rendered, under the court's instruction, for $62.70, being the amount paid on the machine, with interest. The testimony showed, without contradiction, that the machine was worth $65, and there was no proof of the value of its use.

As defendant was lawfully in possession of the machine, and had nearly paid for it, there can be no doubt of her right to retain it until plaintiff, by demand, had rendered her further holding without full payment unauthorized. Our decisions leave this question open to no argument.

The only question open to consideration is as to the judgment actually rendered. There being no dispute on the facts, the matter is considerably simplified.

If plaintiff had disaffirmed the contract by a proper notice, and defendant had failed to pay up the balance due, a question might arise as to her remedy for the return of what she had paid, and how far, if at all, she could insist on a lien till its repayment. But until the contract should be forfeited, or attempted to be forfeited, by a proper demand, defendant certainly had not only a right to hold the machine, but also an interest in the machine itself, which, if defeasable, was good till defeated. And, this being so, we can see no reason why she could not waive a return, and take a judgment for the value of her interest. As the machine was shown to have lost nothing in value, and as $10 remained due upon it, we think the proper measure should have been $65, less this balance of $10, which would be $55. Had she paid the $10, she would have had the property, worth $65, and no more. She should not be allowed to profit by

her default, so as to make plaintiff pay interest without receiving rent. In *Preston v. Whitney*, 23 Mich. 267, it was intimated that interest and rent might be regarded as practically equivalent, in the absence of any other showing; and in the present case there was no better criterion. We think, therefore, that defendant should have recovered but $55, with interest from the time of replevying, and that would make it at this time $58.30. The judgment should be affirmed to that amount, and reversed as to the balance.

As this reduction is so small, and the plaintiff claims a reversal for the whole, without any very sound reason, and as the costs on a partial affirmance are discretionary, we shall award costs to defendant. The partial reversal renders it necessary to deny the motion for damages for frivolous appeal.

SHERWOOD, C. J., CHAMPLIN and MORSE, JJ., concurred.