ALBERT B. OGDEN ET AL. V. NATHAN H. WARREN
ET AL.

FILED APRIL 26, 1893.   No. 4797.

</div>

| 36 | 715 |
| 43 | 463 |
| 36 | 715 |
| 57 | 284 |
| 36 | 715 |
| 59 | 209 |
| 36 | 715 |
| 61 | 366 |

1. **Replevin:** TITLE: CONTRACT set out in the opinion construed, and *held* that W. & Co. had a lien upon the corn for the purchase money and their share of the profits and were entitled to immediate possession.

2. ———: DEMAND. Where a defendant lawfully in the possession of property denies the title and right of possession of the owners no demand is necessary.

3. ———: RIGHTS OF RECEIVER IN ANOTHER STATE: PARTIES. A receiver appointed by a court of record of another state to take charge of a business of a partnership there and to wind up its affairs may take charge of property of the firm in this state, but in such case there is a mere substitution of parties and the receiver has no greater rights in such property than the parties themselves.

ERROR from the district court of Adams county. Tried below before GASLIN, J.

*Teller & Orahood* and *Batty, Casto & Dungan,* for plaintiffs in error.

*Sedgwick & Power, contra.*

MAXWELL, CH. J.

This is an action of replevin brought by Warren & Co. against Ogden and others to recover the possession of 14,996 bushels of ear corn of the value of $5,248.60, or in case said property cannot be returned, the value of the same. In answer to the petition Robert E. Foot, one of the defendants, denies "that the plaintiffs, or either of them, were at the time of the commencement of this action, or at any time were the owners of the property set out in the complaint or petition, to-wit, about 14,996 bushels of ear corn, more or less, and being all the corn in the cribs numbered 1, 2, 3, 4, situate near the B. & M. R. R. track in the town of Brickton, in said Adams county, Nebraska; that the plaintiffs, or either of them, were at the time of the commencement of this action, or at any time were entitled to the immediate possession or possession of said above described property; that at the time of the commencement of this action, or at any time, he wrongfully detained said property from the possession of the plaintiffs, or either of them, for fifteen days, or for any time; that plaintiffs, or either of them, have been damaged in the sum of $500, or any sum whatever; that on the 10th day of May, 1890, the district court of the state of Colorado, sitting in and for the county of Arapahoe, the same being a court of record and duly established under the laws of said state, entered of record in said court on said day, the same being one of the judicial days of the April term, 1890, thereof, a decree in the suit of one Albert B. Ogden,

plaintiff, against Lorin Butterfield, defendant, wherein and whereby among other things it was adjudged and decreed by said court that the plaintiff and defendant in said action had been partners in business under the firm name of L. Butterfield & Co., and that said partnership from and after said date was dissolved; and further did adjudge and decree that this defendant, Robert E. Foot, be and he was appointed by said decree receiver of the partnership, stock, premises, outstanding debts, and effects thereof, and did duly qualify as such receiver; that the defendant Robert E. Foot, as he was in duty bound as such receiver, did enter upon his duties and take into his possession all the property of the said firm of L. Butterfield & Co., and did, on or about the 12th day of May, 1890, in the town of Brickton, in the county of Adams, in the state of Nebraska, find in the lawful possession of L. Butterfield & Co. the property mentioned herein and in said petition, and did then and there take possession of said property and was, as such receiver, in the peaceful, quiet, and lawful possession thereof at the time of the commencement of this action, and entitled at all times to retain possession thereof and protect said possession in the discharge of his duties as such receiver; that said property was in the possession of L. Butterfield & Co., as aforesaid, under and by virtue of a contract in writing, wherein and whereby the plaintiffs and said L. Butterfield & Co. owned said property in common, and passed to this defendant as receiver as aforesaid; that the defendants F. H. Felt and C. J. Barnes were acting under instructions of this defendant, as receiver aforesaid, in maintaining and protecting said possession at the time of the commencement of this action. Wherefore defendant prays that this action may be dismissed at plaintiffs' cost and that he be decreed entitled to the return of said property as such receiver, and upon the failure of plaintiffs to return the same that he may have judgment for the full value thereof."

Albert B. Ogden, one of the defendants, filed an answer in which he denies that Warren & Co., or either of them, at the commencement of the action, was the owner of the property or entitled to the possession thereof, or that the property was wrongfully detained from said party. He also alleges the dissolution of the firm of L. Butterfield & Co. and the appointment of Foot as receiver, and that the acts done by the defendants below were to protect the possession of the receiver against the unlawful attempts of the plaintiffs below forcibly to take possession of the corn.

Warren & Co. in their reply in effect deny all the facts in the foregoing answers.

On the trial of the cause the jury found that Warren & Co. were, at the commencement of the action, the owners of and entitled to the immediate possession of the corn, and a motion for a new trial having been overruled, judgment was entered on the verdict.

The corn was purchased under the following agreement:

" Memorandum of agreement, made this 6th day of November, 1889, between Nathan H., Cyrus, I., and Chas. C. Warren, composing the firm of N. H. Warren & Co., of Chicago, Illinois, party of the first part, and L. Butterfield & Co., of Denver, Colorado, party of the second part, witnesseth: The party of the second part agrees to buy and store in cribs belonging to them at Inland, Saronville, and Brickton, Nebraska, ear corn to the amount of 50,000 bushels, more or less, and to pay the expense of cribbing, insurance, shelling, and other necessary expenses, to the time of shipment of said corn. The party of the second part further agrees to put a sign bearing the name of the first party (N. H. Warren & Co.), on each crib of 5,000 bushels, and to shell and ship said corn only by and under the direction of said first party. They also agree to furnish the use of said cribs free of charge—it being understood that the meaning of their contract is that the party of the first part shall furnish the money free of interest to

pay for the corn, and the party of the second part shall furnish the cribs and labor, and expense of buying, cribbing, shelling, preparing for market, if needed, loading on the cars, and insuring the corn, which is to be the property of N. H. Warren & Co., and at all times under their control and direction. Furthermore, that all profits and losses arising from the handling and sale of the corn are to be equally divided between the parties of the first and second part after the parties of the first part have received the amount furnished to pay for the corn without interest. It is further agreed that the party of the second part shall furnish crib receipts.

(Signed)              N. H. WARREN & CO.
                    "L. BUTTERFIELD & CO."

It will be observed that Warren & Co. were to furnish the money to purchase the corn and Butterfield & Co. were to purchase the same, place it in cribs, insure it, and incur all lawful expenses of buying, cribbing, shelling, and preparing for market. It is provided, however, that the corn was to be the property of Warren & Co. at all times under their control. The profits above the actual cost of the corn and expenses were to be equally divided. A fair construction of this contract gave Warren & Co. a lien upon the corn for the purchase money and one-half of the profits. To that extent, without doubt, they were the owners and entitled to the possession. Had the answer of Foot been of such a character as to show the exact interest of Butterfield & Co. in the corn in dispute, it is probable that the whole controversy might have been adjusted in this action. The answer, however, simply puts in issue the rights of Warren & Co. to either the title or possession of the property. Therefore it will be necessary for the receiver to bring an action against Warren & Co.

The defendant in error insists that the receiver has no jurisdiction in this state, having been appointed by a district court in Colorado. We think differently, however,

but he simply steps into the shoes of Butterfield & Co., and has no greater rights than they possessed.

The plaintiffs in error contend that there was no demand before bringing the suit, and therefore replevin will not lie. In their answer, however, they deny the right and title of Warren & Co., and claim that they are in the receiver. In such case no demand is necessary. (*Homan v. Laboo*, 1 Neb., 204.) Upon the whole case it is apparent that the judgment is right and it is

AFFIRMED.

THE other judges concur.