PEOPLE'S FURNITURE & CARPET COMPANY v. MRS. G. A. CROSBY ET AL.

FILED DECEMBER 22, 1898.   No. 8546.

1. **Tender:** AMOUNT: REFUSAL. A tender is sufficient, although of too large an amount and accompanied by a demand for the change, when it is refused not on that ground, but absolutely, as being insufficient in amount.

2. **Conditional Sale:** PART PAYMENT: DEMAND FOR BALANCE: REPLEVIN. Where goods have been sold under a contract reserving title in the vendor as security for the purchase-money, which is payable in installments, where the vendee has paid a large part of the purchase-money, and where the vendor has accepted payments after the time the whole became due, the vendor cannot retake the property without a previous demand for the unpaid money.

3. ——: ——: ——: ——. The rule whereby a demand is unnecessary to maintain replevin, where the defendant contests the case on the merits, does not apply to cases where a demand is necessary, not merely as a basis for asserting the remedy, but to vest in the plaintiff a right of possession, as where the plaintiff's right depends upon a condition which is broken only by demand and refusal.

ERROR from the district court of Douglas county. Tried below before FERGUSON, J.   *Affirmed.*

*Duffie & Van Dusen,* for plaintiff in error.

*F. W. Fitch, contra.*

IRVINE, C.

The People's Furniture & Carpet Company sold to Mrs. Crosby a bedstead, mattress, and pillows for $92.50. The sale was evidenced by a written contract, under the guise of a lease with an option in the lessee to purchase. In legal effect the contract was plainly one of conditional sale, the vendor reserving title as security for the purchase-money. Payments were made from time to time, not always according to the terms of the so-called lease, and some after the time when by its terms payment should have been complete. In this way there was paid altogether the sum of $87, leaving $5.50 unpaid. Mrs. Crosby thereafter sold, or attempted to sell, the bedstead and mattress to Ellis Coder, and gave him possession thereof. The People's Company later sued out a writ of replevin for the goods, and they were taken from the possession of Coder. The suit was brought in the court of a justice of the peace. On appeal Coder recovered a judgment, and the plaintiff brings the case here on error.

A decision is sought on several points relating to the construction and legal effect of the contract, but the judgment must be affirmed on a consideration of only a part of the transactions. The writ of replevin was sued out against Mrs. Crosby alone,—the original vendee. No demand was made upon her, nor was there ever any service of process upon her. An agent of the plaintiff went with the officer, while he held the writ, to the house of Coder, and there demanded the property. The agent informed Coder of the rights of the plaintiff, of which he seems to have been in fact ignorant, although charged with notice by a proper filing of the contract for record. As soon as possible, and before the property had been removed, Coder made a tender of the amount which the agent stated to be due. It is true that this amount was $5.50 and Coder tendered $6, demanding the change; but the tender was not refused because not of a legal

character, but because the costs of the replevin proceedings were not included. When the tender is refused because not deemed sufficient in amount, and absolutely, it cannot be avoided merely because not in lawful money to the precise amount. (*Guthman v. Kearn*, 8 Neb. 502; *Dakota Stock & Grazing Co. v. Price*, 22 Neb. 96.) The officer then took the goods. Afterwards Coder made a precise legal tender to the plaintiff, and it was refused. Later Coder's name was inserted in the writ and other papers, and he appeared and defended. We think it is the law, and it certainly ought to be, that where goods have been sold, reserving title as security for the purchase-money, a large portion thereof has been paid, and the vendor has accepted payments, as in this case, after the day when payment should have been completed, he is in no position to retake the goods without notice and without demand. In such case a tender on demand of the amount remaining due is sufficient to retain in the vendee the right of possession. (*O'Rorke v. Hadcock*, 114 N. Y. 541; *Taylor v. Finley*, 48 Vt. 78; *New Home Sewing-Machine Co. v. Bothane*, 70 Mich. 443.) Besides the objection to the tender already disposed of, it is said that it was not kept good, and that it should have included costs. The whole of the record before the justice of the peace is not before us. So far as we have the record here the tender seems to have been kept good, and we need not therefore inquire whether it was necessary to do so. On the other point it is quite clear that there was, when the tender was made, no liability for costs. The cases* cited as holding that no demand is necessary prior to bringing suit are cases where the question was as to the liability for costs at the close of the action, or where the attempt was to defeat an action in replevin for want of demand. In such cases it is held that asserting a right in one's self avoids the necessity of a previous demand. In such cases the demand reaches only the

*Homan v. Laboo*, 1 Neb. 204; *Ogden v. Warren*, 36 Neb. 715; *Rodgers v. Graham*, 36 Neb. 730.

question of procedure. It has not been held, nor is it the law, that, when a demand is necessary, not merely to lay the foundation for the remedy, but to complete a right of possession in the plaintiff, the defendant by denying the right of possession waives such requisite thereto. Under the rule above stated the plaintiff was in no position to assert a right of possession until a demand had been made and there had been afforded an opportunity to make the remaining payment. The suit had been instituted without a demand. Coder was not a party and the officer was then as to him a trespasser. He was not required to pay costs on his own account. Regarding him as the representative of Mrs. Crosby the situation is the same. The plaintiff had no right of action against her until demand,—not for the goods but for the money. The writ had been sued out without such demand, and when tender was made she was not liable for the costs then accrued.

The point is not made, but it undoubtedly suggests itself, that interest was properly demandable from the time payment should have been made. The tender was made of the amount which the plaintiff's agent stated remained unpaid, and defendant had a right to rely on such statement.

Error is assigned on the admission in evidence of certain documents from the files of the justice. The case was tried to the court without the intervention of a jury, so these assignments are unavailing. Moreover, the evidence objected to was competent and material as showing that when tender was made Coder had not been sued.

AFFIRMED.