CHICAGO LUMBER COMPANY v. JOSEPH HUNTER.

FILED MARCH 22, 1899.   No. 8838.

1. **Chattel Mortgage: GROWING CROPS: SALES.** One who bargains for the future delivery of a quantity of corn to be taken from the stalk in a designated field is charged with notice of a then existing, and duly recorded, chattel mortgage in which such corn is described as a growing crop.

2. ———: ———: ———. When such corn is husked and delivered in execution of the contract, the purchaser is presumed to know that it is part of the crop covered by the mortgage.

3. ———: ———: DESCRIPTION OF PROPERTY. A description in a chattel mortgage, "50 acres of corn planted on the S. E. ¼ of sec. 17-1-8, being the N. 30 of the S. 80 acres and the south 20 of the N. 80 acres," accompanied by the further statement that the mortgaged property is in the possession of the mortgagor in N. county, and that any attempt on his part to remove the property from said county would be a sufficient reason for an immediate foreclosure, is sufficiently definite to impart constructive notice.

ERROR from the district court of Nuckolls county. Tried below before HASTINGS, J.   *Reversed.*

*Buck & McConnell,* for plaintiff in error.

*Cole & Brown, contra.*

SULLIVAN, J.

This action was brought by the Chicago Lumber Company against Joseph Hunter to recover possession of 1,300 bushels of corn. From a judgment rendered on a verdict in favor of the defendant the plaintiff prosecutes error.

The corn in question was raised by A. C. Johnson, who mortgaged it as a growing crop to the plaintiff on July 11, 1895. About November 1, while the corn was yet on the stalk and in the field, Hunter called on Johnson, and being informed that the latter had corn to sell, proceeded in the direction of the field for the purpose of ascertaining its quality. About an hour later he returned, expressed himself as being satisfied, and concluded a bargain for 500 bushels of white corn to be thereafter delivered. Part of the purchase price was immediately paid and the contract was afterwards fully executed on both sides. About November 15, Johnson sold Hunter 700 bushels of shelled corn, which was subsequently delivered and paid for. It is not very clear from the evidence whether at the time of the second purchase the parties had in contemplation any specific corn. It does, however, appear conclusively that all the corn sold by Johnson to the defendant was white corn, and that Johnson's entire crop of white corn was covered by the plaintiff's mortgage. It was held in *Gillilan v. Kendall*, 26 Neb. 82, contrary to the rule in other jurisdictions, that a chattel mortgage on a growing crop is not constructive notice of a lien upon the harvested product when offered for sale in the open market. We adhere to the principle announced in that decision, but think it can have no possible application to the first sale made by Johnson to Hunter. The plaintiff's mortgage was filed in the office of the county clerk of Nuckolls county, and was constructive notice to everybody that the plaintiff had a valid lien upon the crop of corn therein described. The defendant bought a portion of this crop, knowing at the time that it was on the stalk in the field. It would seem that he actually inspected it, but whether he did or not is immaterial. The sale was not merely a sale in general terms of 500 bushels of corn of a certain quality to be delivered in the future. It was a sale of specific corn —corn then on the stalk in a designated field. The law charged the defendant with knowledge of the fact that

all the corn grown in that field in 1895 was covered by the plaintiff's mortgage. It is true that Johnson had other corn, but he did not have any other white corn, and he could not legally perform his contract by delivering to the defendant yellow corn or calico corn, or even white corn grown upon other land than that pointed out to Mr. Hunter on the day the contract was made. On the evidence in the record now before us the court should have directed the jury to find for the plaintiff to the extent of the corn included in the first purchase.

It is asserted that the description of the mortgaged property contained in the mortgage is too vague and uncertain to impart constructive notice. We think otherwise. The description is "50 acres of corn planted on the S. E. ¼ of sec. 17-1-8, being the N. 30 of the S. 80 acres and the S. 20 of the N. 80 acres." It further appears from the mortgage that the property was in Johnson's possession, that he was a resident of Nuckolls county, and that any attempt on his part to remove the property from said county would be a sufficient reason for an immediate foreclosure. In *Buck v. Davenport Savings Bank*, 29 Neb. 407, it was said: "A description of property in a chattel mortgage which will enable a third person, aided by inquiries which the instrument itself suggests, to identify the property, ordinarily, will be sufficient." Other cases illustrating the rule thus announced are *Peters v. Parsons*, 18 Neb. 191; *Wiley v. Shars*, 21 Neb. 712; *Rawlins v. Kennard*, 26 Neb. 181; *Smith v. Fields*, 79 Ala. 335; *Woodlief v. Harris*, 95 N. Car. 211. With the information furnished by the mortgage in question we see no reason to suppose that an honest effort to find the property described therein would have been utterly barren of results. The judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.