## T. ATAU *v.* GOO WAN HOY.

## No. 906.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

HON. T. B. STUART, JUDGE.

SUBMITTED MARCH 2, 1916.                    DECIDED MARCH 13, 1916.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

REPLEVIN—*possession—trespass.*

Where one takes forcible possession of his own goods he may be liable in trespass but not in replevin.

SALES—*conditional sale—title—performance.*

In a conditional sale title to the property remains in the vendor until the vendee has paid the purchase price or made proper tender thereof. A mere readiness to pay or to make tender is not sufficient.

SAME—*same—right to possession—demand—tender.*

Where, under the terms of an agreement of conditional sale upon deferred payments, a part of the purchase price has been paid, and payments have been received after they were due, and time is not of the essence of the contract, a demand for performance on the part of the vendee is necessary before the property can be retaken by the vendor. If upon demand the vendee fails to pay the sum due and thereupon the vendor retakes the property a subsequent tender will be too late, but in the absence of such a demand the vendee, in order to replevy the goods, need not prove that he had tendered the balance of the purchase price.

OPINION OF THE COURT BY ROBERTSON, C.J.

The plaintiff obtained judgment against the defendant in an action of replevin to recover possession of a moving picture machine, and damages for its detention.

The evidence showed that the parties, both residents of Honolulu, executed a written agreement on May 19, 1914, whereby the defendant agreed to sell, and the plaintiff

agreed to buy the machine for the sum of $275, of which $100 was paid at the time, and the balance was to be paid as follows: $25 on June 20, $50 on July 20, $50 on August 20 and $50 on September 20. The agreement provided that until the payment in full of the purchase price title to the machine would remain in the vendor, and in the event that any of the instalments should remain unpaid after they should become due, the vendor was authorized, without any legal process and without prejudice to any other remedy, to enter into and upon the premises where the machine might be and take and carry away the same as his own property, all damages for such entry, taking and carrying away being expressly waived. The plaintiff took delivery of the machine and had possession of it until September 30, 1914, when an agent of the defendant went to the plaintiff's home and, breaking into the room where the machine was, against the protest of the plaintiff's wife, the plaintiff being absent, took the machine, or a part of it, away. The defendant testified that the sum of $90 of the purchase price remained unpaid and that the property was retaken because of the failure of the plaintiff to pay the purchase price as provided in the agreement. The plaintiff testified that all the instalments had been paid, though not upon the exact dates specified in the agreement, except the final one, and that, as to that one, he had gone to the office of the vendor two or three times on the 21st and 28th of September with the money for the purpose of paying it, but the office was closed and there was no one there. It was also shown that on October 5 the plaintiff tendered the sum of $50 to the defendant's agent who refused to accept it, and the defendant testified that the tender was refused because it was not the full amount due.

The defendant excepted to the giving to the jury, at plaintiff's request, certain instructions, the gist of which is set forth hereinbelow. Counsel for the plaintiff, while con-

tending that the instructions referred to were proper, contends that under plaintiff's instruction No. 4, which was given without objection on the part of the defendant, the plaintiff was entitled to a verdict, and that any error that may have been committed in the instructions that were excepted to was therefore harmless. We find, however, that the fourth instruction was erroneous. It was as follows: "I instruct you, gentlemen of the jury, that defendant had no right to break into the premises of the plaintiff in the absence of said plaintiff and take property therefrom without his consent, and if you believe from the evidence that the property of the plaintiff was thus taken by the defendant, then it was unlawfully taken and plaintiff is entitled to its recovery, with damages, if any, for its retention, not to exceed $500." This assumed that the property belonged to the plaintiff whereas the agreement provided that until the purchase price was paid in full the title to the machine was to remain in the vendor and the rule is that "Where one takes forcible possession of his own goods, he may be liable as a trespasser, but not in replevin; having the right of possession at the time of the seizure, his trespass does not debar him from the right of possession, nor vest the other party with the right to replevy the goods." Cobbey on Replevin, p. 11, citing *Taylor* v. *Welbey,* 36 Wis. 42; *Bogard* v. *Jones,* 28 Tenn. 739; *Coverlee* v. *Warner,* 19 Ohio 29; *Carroll* v. *Pathkiller,* 3 Porter (Ala.) 279. The mere fact that a trespass was committed did not entitle the plaintiff to a verdict in this action.

The defendant excepted to the giving of instructions which contained the following propositions: That "if you find from the evidence in this case the plaintiff substantially fulfilled the terms of his contract and tendered or was ready to tender the money to fulfill his contract, and the said money was refused, or it was made impossible to pay

the same because of the absence of the defendant from his place of business, then plaintiff had substantially fulfilled his contract, and he is entitled to a verdict at your hands for a return of the property in question;" and that "if you are satisfied from the evidence that the plaintiff fulfilled his contract, and paid or was ready to pay the sum of $275 as required in said contract, then it is your duty to find for the plaintiff for the recovery of the property." The defendant had testified, and the plaintiff had denied, that demand had been made on the plaintiff for the balance of the purchase price, but no instruction as to the necessity of making such demand before retaking the property was given or refused, and no point is now made in that connection. Aside from that, it was incumbent on the plaintiff, in order to acquire title, to have paid or tendered the amount due according to the terms of the agreement. A mere readiness to pay or to make tender of the amount was not sufficient, nor was payment or tender excused by reason of the mere fact that the defendant was not at his place of business when the plaintiff called there. The defendant excepted also to the giving of an instruction to the effect that "time was not the essence of said contract, and was not so considered by the parties to it in regard to the payments made, and, therefore, if the plaintiff within a reasonable time after the payment was due, actually tendered the last payment to the defendant, he fulfilled the terms of his contract and was entitled to the property." Granted, that time was not of the essence of the contract and that the final payment could have been made or tendered after its due date, but the only tender of which there was evidence was made several days after the property had been retaken. If the taking of the property had been preceded by a demand by the vendor and failure on the part of the vendee to perform the taking was within the defendant's right and the tender was too late. If no demand was made, the tender was made

in time, and, if sufficient in amount, was effectual to pass title to the machine. But if no demand was made it was not necessary for the plaintiff, in order to maintain this action, to prove that he made a tender of the balance due under the agreement, for the conditional vendee may be entitled to possession of the property as against the vendor even though he has not acquired title thereto by complete performance. The jury were not adequately instructed in this regard, and the instruction as given cannot be sustained.

The defendant requested that the jury be instructed that if they should find from the evidence "that the purchase price has never been paid in full, the machine still remains the property of the defendant, and your verdict must be for defendant." The court modified the instruction by inserting, after the word "paid," the words "or tendered," and by striking out the words "and your verdict must be for defendant." The defendant excepted to the modifying of the instruction. The court erred in inserting the words "or tendered" without qualification because the tender if made too late was ineffectual. There was no error, however, in striking out the words "and your verdict must be for defendant" since the defendant had no right to take possession of the property unless he had first made demand for the balance of the purchase price or, at least, notified the plaintiff that unless the same was paid the property would be taken. Where under the terms of an agreement of conditional sale upon deferred payments a part of the purchase price has been paid, and payments have been received after they were due, and time is not of the essence of the contract, a demand for performance on the part of the vendee is necessary before the property can be retaken by the vendor. 35 Cyc. 701; *Piano Co.* v. *Roe,* 85 N. J. L. 160 164; *People's Furniture Co.* v. *Crosby,* 57 Neb. 282; *New Home Sewing Mach. Co.* v. *Bothane,* 70 Mich. 443; *Mosby*

v. *Goff,* 21 R. I. 494; *Taylor* v. *Finley,* 48 Vt. 78; *O'Rourke* v. *Hadcock,* 114 N. Y. 541. Whether demand was in fact made was a question for the jury.

The exceptions to the giving of the three instructions requested by the plaintiff, and to the modification of the defendant's instruction in the respect noted are sustained, and a new trial is granted.

*Lorrin Andrews* for plaintiff.

*J. Lightfoot* for defendant.