SOUTH OMAHA NATIONAL BANK, APPELLEE, V. HARRY E. MCGILLIN ET AL., APPELLANTS.

FILED FEBRUARY 6, 1909. NO. 15,683.

1. Chattel Mortgages: SUCCESSIVE MORTGAGES: RIGHTS OF ASSIGNEES. Where successive chattel mortgages on a specified number of cattle out of a greater number are given to the same mortgagee, such mortgagee acquires a right of selection, and where the mortgagee assigns the prior mortgage, it only retains the right of selection subject to the right of the first assignee. If it afterwards assigns the second mortgage, the second assignee takes the same subject to the right of the first assignee. *South Omaha Nat. Bank v. McGillin*, 77 Neb. 6, followed.

2. ――――: ――――: ――――. It is immaterial that the second mortgages were renewals of prior mortgages satisfied of record, or that there was an oral agreement between the mortgagor and the mortgagee that the releases placed upon record should not take effect according to their terms.

APPEAL from the district court for Chase county. ROBERT C. ORR, JUDGE. *Affirmed.*

*McCoy & Olmstead, Charles W. Meeker, George L. Loomis* and *H. C. Maynard,* for appellants.

*H. C. Brome, P. W. Scott* and *Clinton Brome, contra.*

CALKINS, C.

This case was before this court upon error from a judgment in favor of the defendant, and was reversed for the reasons given in an opinion by BARNES, J. *South Omaha Nat. Bank v. McGillin,* 77 Neb. 6. The second trial resulted in a verdict for plaintiff, and the defendant now

appeals. A reference to the former opinion will disclose the facts presented at that hearing, and the rules of law there applied to the case. The defendant assigns errors in the admission of testimony, and the instructions of the court to the jury, while the plaintiff insists that the rules of law announced in the opinion referred to, applied to the facts developed upon the second trial, required the court to direct a verdict for the plaintiff.

It appears that both plaintiff and defendant claim under mortgages executed by the defendant McClelland to the Shelley-Rogers Commission Company; the mortgage under which the plaintiff claimed being prior in date of execution to those under which the defendant claimed. The defendant contended that the plaintiff's mortgage was given on a specified number of cattle out of a larger number of the same kind and description, and that, the defendant having first secured possession of the property, its lien was superior to that of the plaintiff. The court held that, while such a mortgage is void as to third parties, it gives to the mortgagee the right of selection; that, all the mortgages being given to the Shelley-Rogers Commission Company, it obtained a right of selection under the first mortgage, and if it, after assigning such mortgage to the plaintiff, took another mortgage which gave it a further right of selection from the same description of cattle, this right would be subject to the right of selection which it had assigned in the first mortgage and it could transfer to the defendant no greater right than it itself possessed.

At the second trial the defendant introduced evidence tending to prove that the notes and mortgages were renewals of pre-existing debts contracted before the plaintiff's mortgages were executed, and contended that therefore the lien thereof was prior to that of the plaintiff. The prior mortgages of which the defendant claimed that its mortgages were a renewal had been surrendered and released of record, but the defendant was permitted to prove an oral understanding between the mortgagor and

the Shelley-Rogers Commission Company that the mort-gages so released should be considered still in force. The actual date of the transfer by the Shelley-Rogers Com-mission Company of the mortgages in question to the plaintiff and defendant, respectively, does not appear, but it is stipulated in the record that the same were in each case assigned before maturity. The plaintiff argues that it is to be presumed as a matter of law that the trans-fer was made at the day of the date of the respective notes, while the defendant denies the validity of that presumption, and contends that, if it would otherwise exist, it is superseded by the stipulation that the notes were transferred before maturity, and that, since this stipulation cannot be construed to mean any specific number of days before maturity, it must be interpreted as meaning just before maturity. It appears from the evidence of Mr. McClelland that the releases were filed after the taking of the new notes and mortgages, and, when these were returned to the Shelley-Rogers Commis-sion Company in the course of a week or two, the old paper would come back and they would be released.

Admitting, for the purposes of the case, the correct-ness of defendant's contention, it would follow that we must assume that the first note and mortgage assigned to plaintiff, which were dated April 19, 1902, and due No-vember 7, 1902, were transferred to the plaintiff on No-vember 6, 1902, and that the second note and mortgage assigned to plaintiff, dated September 5, 1902, and due April 9, 1903, would have been transferred to plaintiff April 8, 1903. The two notes and mortgages assigned to defendant were dated October 13 and October 30, 1902, and were due April 23 and May 8, 1903, respectively. It would follow from this assumption that, at the time of the transfer by the Shelley-Rogers Commission Company to the plaintiff of the notes and mortgages under which the plaintiff claims, the paper of which it is asserted the notes assigned to defendant were renewals had been satis-fied, and that the defendant, when it received from the

Shelley-Rogers Commission Company the notes under which it claimed, took the same long after and with constructive notice of the fact that the securities under which it now seeks to claim were satisfied of record. The mortgages assigned by the Shelley-Rogers Commission Company contained the recital that they were a first lien upon the property therein described, and it is clear that under these circumstances, if the Shelley-Rogers Commission Company had retained this paper, it could not have been permitted to establish the priority of its lien over the paper by it assigned to the plaintiff by showing that the former was in fact a renewal of mortgages which were satisfied upon the record, nor by showing any oral understanding between itself and the mortgagor that the releases placed upon record should not take effect according to their terms. Applying the rule announced in the former opinion that the Shelley-Rogers Commission Company could not transfer to the defendant any greater right than it could have enforced as against the plaintiff, it follows that it is entirely immaterial that the defendant's notes and mortgages were in fact renewals, or that there existed between the Shelley-Rogers Commission Company and the mortgagor an oral agreement that the releases of mortgage filed in the clerk's office should not in fact discharge them.

As the court should have directed a verdict for the plaintiff, it is unnecessary to consider the errors assigned in the instructions and in respect to the testimony submitted to the jury.

We therefore recommend that the judgment of the district court be affirmed.

DUFFIE, EPPERSON and GOOD, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.