## TAYLOR v. FINLEY.*

*Witness.    Conditional Sale.*

Plaintiff bought a cow of B., and gave his note for the price, *with condition that the cow was to remain the property of B. till the note was paid.* Defendant bought the note of B. after it was overdue, and by virtue thereof took the cow from plaintiff's possession without his knowledge or consent, and without having demanded payment of the note, or possession of the cow for non-payment thereof. When defendant bought the note, there was an indorsement on it, and plaintiff claimed to de-

---

· *Decided at the August Term, 1874.

fendant that he had made other payments on the note to B. that had not been indorsed, and defendant then agreed to let the matter rest till they could hear from B., who was supposed to be living, but B. had not been heard from when defendant took the cow as aforesaid. After defendant had taken the cow, plaintiff tendered him enough to pay the balance due on the note, and demanded the cow; but defendant refused to accept the tender or to deliver the cow, whereupon plaintiff replevied the cow. At the time of trial, B. was dead, and his estate was being settled.

*Held,* that plaintiff was a competent witneess to the fact of payments made to B. and not indorsed on the note.

*Held,* also, that the mere omission of plaintiff to pay the note at maturity, did not operate as a forfeiture of his rights under the contract, in the absence of a demand of payment, or of the cow for non-payment; and that on such demand even after the note was overdue, plaintiff would have had the right to pay the note and retain the cow.

REPLEVIN for a cow. Plea, not guilty, and trial by jury, December Term, 1873, Ross, J., presiding.

It appeared in evidence that the cow in question was purchased by plaintiff of one John R. Batchelder, for the sum of $50, for which plaintiff made his note in favor of said Batchelder, or bearer, with the condition that said cow was to remain the property of said Batchelder till said note was paid, annexed thereto. The defendant's evidence tended to show that after said note was overdue, it was sold by said Batchelder to defendant. It appeared that at the time of said sale and transfer of the note, there was only an indorsement of eleven dollars on it. After the sale of said note to defendant, and before this trial, Batchelder died, and at the time of trial his estate was in process of settlement. Upon the trial, the plaintiff was introduced as a witness in his own behalf, and, against the objection of the defendant, was allowed to testify to payments made by him to said Batchelder during his lifetime, to apply on said note, but not thereon indorsed. To the admission of this testimony the defendant excepted. The evidence further showed that the cow in question was taken by defendant from plaintiff's possession, under a claim of ownership in himself by virtue of said note, at a time when the plaintiff and all his family were away from home, and without the defendant's ever having given plaintiff any notice that he should take the cow unless the balance due on the note was paid. The plaintiff's evidence tended to show, and was uncontradicted, that when he made claim to defendant of having made a payment of $25 on

said note to Batchelder, defendant agreed to let the matter rest till they could hear from Batchelder, who was then supposed to be living, and that Batchelder had not been heard from at the time the cow was taken. After the cow had been in defendant's possession for thirteen days, plaintiff, in company with the officer serving the writ in this case, came to the defendant's house, and, before making the service, tendered to the defendant the sum of ten dollars, from which to take the balance due on said note, and demanded the cow. The defendant refused to accept the money, whereupon the officer, by virtue of said writ, took and drove the cow away.

The defendant requested the court to charge the jury, that if they found anything was due on the note at the time the cow was taken by the defendant from the possession of the plaintiff, then the plaintiff could not recover, and that the tender made by the plaintiff to the defendant at the time the writ was served, was out of time, and the defendant was not then bound to receive the money. The court refused to so charge, but charged that for the purposes of this trial, the court held that if there was anything due on said note at the time the defendant took the cow, he had the right to take her into his possession, and that plaintiff could not recover for any detention of the cow till he made a tender of the amount due on the note; but that if they found that the $10 was enough or more than enough to pay the balance due on the note, and the defendant had taken the cow without giving the plaintiff any notice of his intention so to do unless the balance was paid, the plaintiff could recover, and for the detention of said cow only from the time of making said tender. To the refusal to charge as requested and to the charge as given, the defendant excepted. The court charged on the other questions in the case in a manner not excepted to. Verdict that the cow was unlawfully detained, and for nominal damages and costs. The jury found specially that the whole damage to plaintiff for taking and detaining the cow was $10.00.

———— for the defendant.

*J. P. Lamson*, for the plaintiff.

The plaintiff was a competent witness to the payments on the note. *Manufacturers' Bank* v. *Scofield*, 39 Vt. 590 ; *Lytle* v. *Bond's Estate*, 40 Vt. 618 ; *Cole* v. *Shurtleff*, 41 Vt. 311 ; *Hollister* v. *Young*, 42 Vt. 403 ; *Morse* v. *Law*, 44 Vt. 561.

The charge was correct.

Opinion of the court was delivered by

PECK, J.   Neither the executor nor administrator of the estate of Batchelder, the deceased, is a party to the suit ; nor does it appear that the estate of Batchelder is to gain or lose by the event of the suit.   The fact that the plaintiff acquired his title and possession of the cow under a contract of purchase of Batchelder, " with the condition that said cow was to remain the property of said Batchelder till said note " executed by plaintiff to Batchelder therefor, " was paid," and the subsequent death of Batchelder after the transfer of the note by him, overdue, to the defendant, do not deprive the plaintiff of the right to testify to payments made by him to Batchelder upon the note that were not indorsed thereon.   The facts do not bring the case within the principle, policy, or settled construction of the proviso of s. 24, c. 36, Gen. Sts., prohibiting one party from testifying in his own favor where the other party is dead.   The cases referred to by the plaintiff's counsel are decisive of the question ; to which may be added *Downs* v. *Belden*, 1874, 46 Vt. 674, which is identical in principle, and almost identical in its facts with the present case so far as this question is concerned.

The case states that, " it appeared in evidence that the cow in question was purchased by this plaintiff from one John R. Batchelder, for the sum of fifty dollars, for which the plaintiff made his note in favor of said Batchelder, or bearer, with the condition that said cow was to remain the property of said Batchelder till said note was paid, annexed thereto."   It appears that the cow in question was taken by the defendant from the plaintiff's possession under a claim of ownership in himself, by virtue of said note, at a time when the plaintiff and all his family were away from home, and without having given the plaintiff any notice that

he should take the cow unless the balance due on the note was paid. The case states that the plaintiff's evidence, uncontradicted, was, that when he made the claim to the defendant of having made a payment of twenty-five dollars on the note to Batchelder, the defendant agreed to let the matter rest till they could hear from Batchelder, who was then supposed to be living, and that Batchelder had not been heard from at the time the cow was taken. In addition to this, the jury have found that the ten dollars which the plaintiff, just before the retaking of the cow on this writ of replevin when he demanded the cow, tendered to the defendant, and which the defendant refused, was enough or more than enough to pay the balance due on the note. The defendant, upon these facts, claims to hold the cow upon the ground of a forfeiture on the part of the plaintiff, of all he has paid upon the purchase — a forfeiture of all right to pay the remaining fifth of the purchase price, and thereby perfect his title. Forfeitures are odious, or in milder language, are not favored in law ; and whoever claims title by forfeiture against manifest justice, is held to strict law. The note referred to has not been furnished to the court, we therefore take the contract of purchase as it is stated in the exceptions. It is to be noticed that the contract of purchase was not on condition that the plaintiff pay the note when it should become payable, but was "*with the condition that said cow was to remain the property of said Batchelder till said note was paid.*" Under such contract, the mere omission of the purchaser to pay the note given for the purchase price at maturity, would not operate as a forfeiture of his rights under the contract, in the absence of a demand on the part of the seller or his assignee, of payment, or of the property for non-payment of the price ; and on such demand even after the note was overdue, the purchaser would have the right to pay the note and retain the property which he received under the contract. It does not appear that either Batchelder or the defendant ever demanded the property or payment of the note, or gave the plaintiff any notice that they should take the property unless the balance due on the note was paid ; but on the contrary it affirmatively appears that the defendant took the property in the absence of the plaintiff and his family,

without any notice of his intention to take it. It is clear that the plaintiff in tendering the balance due on the note and demanding the cow, was in the exercise of his legal right, and that there is no error in the ruling of the County Court of which the defendant has a right to complain.

Had it appeared that the contract was such that by its terms a simple omission to pay the note at maturity would entitle the seller to treat the contract as forfeited, other questions might arise as to the receipt of partial payments upon the note operating as a waiver of all prior causes of forfeiture arising from default of payment. To determine these questions, the time of the payments in reference to the time of the maturity of the note should appear. A party entitled to the benefit of a forfeiture often loses it by not manifesting in season his election to take the benefit of it; but as the view already taken is decisive of the case, it is unnecessary to discuss other points.

The plaintiff's counsel insists that the plaintiff is entitled to judgment for the largest sum in damages named in the special verdict; but as the County Court decided otherwise, and the plaintiff did not except, this question is not before us, and all the plaintiff is entitled to is an affirmance of the judgment of the County Court.

Judgment affirmed.