ISAAC B. MOSBY *et ux. vs.* IRA N. GOFF *et al.*

PROVIDENCE—DECEMBER 15, 1899.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

(1)   *Conditional Sale. Waiver. Demand and Refusal.*

Where, on a conditional sale of a chattel, it is agreed that the vendee is to have possession and pay the price within a fixed time, and after the purchase money has become due and remains unpaid the vendee is permitted to retain possession and the vendor receives part payment, such receipt is a waiver of any forfeiture and a recognition of the right of the vendee to acquire title by payment of the residue of the purchase money, and this right continues until a demand for such payment by the vendor and a neglect or refusal of the vendee to comply with the demand.

(2)   *Trespass. License.*

One who enters on the premises of another, without license or warrant in law to do so, is a trespasser.

TRESPASS *de bonis asportatis.* The facts are stated in the opinion. Heard on petition of plaintiff for a new trial. New trial granted.

MATTESON, C. J. This is an action of trespass *de bonis asportatis* for entering the plaintiffs' dwelling-house and taking and carrying away a piano. The pleas are the general issue and license.

The plaintiff, Mrs. Mosby, on or about March 27, 1884, purchased from the defendant Goff a piano on the installment plan. The value placed on the piano was seventy-five dollars, and payments were to be made at the rate of a dollar per week, so that if the agreement had been carried out the piano would have been paid for at the end of seventy-five weeks, on, to wit, September 27, 1885. During the period of more than seven years which elapsed subsequently to the making of the contract, however, Mrs. Mosby, on, to wit, August 15, 1891, had paid but thirty-eight dollars on account of the price of the piano. In December following the defendant sent his employees to the plaintiffs' house and took away the piano, whereupon this suit was brought. In the Common Pleas Division a verdict was rendered for the defendant, and the plaintiffs have brought the case before us for review on their petition for a new trial, alleging that the verdict is against the law and the evidence.

The plaintiffs contend that the transaction between Mrs. Mosby and the defendant having been a conditional sale of the piano, and the defendant having accepted payments on account of the price after the whole contract price had become due, he thereby waived his right to take the piano without first demanding from Mrs. Mosby the whole sum remaining due under the contract. These contentions are sustained by authority. *Fairbanks* v. *Phelps,* 22 Pick. 535 ; *Hutchings* v. *Munger,* 41 N. Y. 155 ; *O'Rourke* v. *Hadcock,* 114 N. Y. 541 ; *Taylor* v. *Finlay,* 48 Vt. 78 ; *Peoples Furniture and Carpet Co.* v. *Crosby,* 77 N. W. Rep. 658.

(1) The cases proceed on the principle that where, on a conditional sale of a chattel, it is agreed that the vendee is to

have possession and pay the price within a fixed time, and after the purchase money has become due and remains unpaid the vendee is permitted to retain possession, and the vendor receives part payment, such receipt is an assent of the vendor to delay, a waiver of any forfeiture, and a recognition of the right of the vendee to acquire title by payment of the residue of the purchase money; and that this right continues until a demand for such payment by the vendor and a neglect or refusal of the vendee to comply with the demand. This being the rule, it follows, the time within which payment for the piano was to have been made having elapsed, and the defendant having subsequently accepted payments on account of the price, that the defendant could not lawfully take the piano until he had first demanded of Mrs. Mosby the balance due and she had neglected to make or had refused the payment. The verdict was therefore against the evidence on this point.

(2)　Again, we find no evidence to sustain the plea of license, or anything to warrant the defendants' entrance on the plaintiffs' premises, and the defendant must therefore be regarded as a trespasser. The verdict was also against the evidence on this ground.

New trial granted, and case remitted to the Common Pleas Division for further proceedings.

*Suesman & Suesman*, for plaintiffs.

*Robert W. Burbank*, for defendants.