MICHAEL MANDELLA, JR., *p. a. vs.* MICHAEL MARIANO, JR.

JUNE 29, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CAPOTOSTO, J. This action of trespass on the case for negligence was tried before a justice of the superior court sitting with a jury and resulted in a verdict for the defendant. The case is before us on the plaintiff's single exception to a certain portion of the charge to the jury.

The declaration is in one count and alleges that on February 11, 1937, while the plaintiff, a minor, was playing with some boys in a school yard, the defendant "carelessly and negligently . . . interjected himself into the game in which the plaintiff was engaged without being invited so to do and did thereupon carelessly and negligently strike against or push the said plaintiff violently to the ground injuring him." The defendant filed a plea of the general issue to this declaration.

The accident under consideration in this case happened in a school yard and involves three boys, all about twelve years old. The testimony for the plaintiff, in substance, shows that the plaintiff was playing with John Mastrati and not with the defendant, who was playing elsewhere in the school yard; that the plaintiff had Mastrati down on the

ground and was sitting on his legs to keep him down; and that, while he was in this position, the defendant, suddenly and without warning, ran up to him from behind, jumped on his back, and threw him to the ground, inflicting the injury about which he complains. The testimony is undisputed that the plaintiff suffered a fracture of the "middle third of the right collar bone, with some overlapping." The testimony for the defendant is practically to the same effect.

The charge of the court on these facts is rather sketchy. After advising the jury to use "that intelligence which men and women over 25 years of age are expected to use in ordinary matters", he briefly tells them to consider "whether the boys involved in this case were acting their age", in which case their verdict should be for the defendant, but that, on the other hand, if the defendant "did not act as an ordinary healthy 12-year-old boy might act in a school yard", and the plaintiff was injured as a result of his conduct, their verdict should be for the plaintiff.

The trial justice then remarks that: "It may be unfortunate that one is hurt in playing" and mentions, by way of illustration, a number of games which children sometimes play, thereby voluntarily exposing themselves to injury. He continues with the following statement, which is almost at the very end of the charge and to which the plaintiff duly excepted: "In order to recover the plaintiff must prove his case by a preponderance of the evidence—by a fair preponderance of the evidence. In other words, the plaintiff must convince you by testimony which has greater weight with you than the testimony in contradiction of the plaintiff's claim that he was injured as the result of *misconduct* on the part of the defendant." (italics ours.)

We are not called upon, under the exception before us, to determine whether the charge assumes a situation different from that shown by the evidence, for the charge as given, being unquestioned, except as above indicated, remains the law of the case. Considering the entire charge with special

reference to the part thereof brought before us by the plaintiff's exception, it is our opinion that the trial justice committed prejudicial error when he instructed the jury that in order to find for the plaintiff, they must be convinced by a fair preponderance of the evidence that the plaintiff was injured as the result of "misconduct" on the part of the defendant.

This is an action for negligence, and negligence, speaking generally, is a relative term implying failure to comply with an indefinite rule of conduct in the circumstances of any particular case. Intent is not an essential element of negligence. The term "misconduct", on the other hand, implies a wrong intention and not a mere error of judgment; it implies fault beyond the error of judgment. Although this term has been repeatedly construed by the courts in connection with matters concerning a deviation from a fixed duty or definite rule of conduct, no case has come to our attention which considers the precise question now before us.

In all the dictionaries that we have consulted, whether law dictionaries or those in general use, such as Ballantine, Black, Webster's New International, and Winston's Simplified dictionary, the term "misconduct" is defined as a transgression of some established and definite rule of action; a forbidden act; a dereliction from duty; unlawful behavior, willful in character; improper or wrong behavior. Where synonyms are given, the synonymous terms are misdemeanor, misdeed, misbehavior, delinquency, impropriety, mismanagement, offense. "Negligence" or "carelessness" is not included in the synonyms for "misconduct." See 40 C. J. 1221 to the same effect.

Unless a word has a definite technical meaning, in which case it is to be given that meaning, a word in common use is ordinarily held to convey the meaning that attaches to it in usual parlance. We are satisfied that the term "misconduct", both in law and in ordinary speech, usually implies the willful doing of an act with a wrong intention. In say-

ing so, we make it clear that we are not attempting to give a definition of that term for all cases, but that we are expressing our view of the meaning of that term only in so far as it affects the question confronting us in this case.

The case of *Citizens' Insurance Co.* v. *Marsh*, 41 Pa. St. 386, is the only one of many decisions examined by us, where the issue was somewhat analogous to the one in the instant case. That case has been cited in later years as an authority for the general proposition that the term "misconduct" implies malfeasance or unlawful conduct. There the plaintiff brought suit on a policy of insurance for the burning of a steamboat. The defense set up that the burning was due to "misconduct" on the part of the captain and not the result of ordinary negligence or carelessness. The facts showed that the captain had engaged his boat in a race with another steamboat; that, in order to secure extra steam, he had a barrel of turpentine brought out of the hold and the head knocked out; that he ordered the barrel placed in front of the boiler, so that the fuel could be saturated with turpentine immediately before being put into the boiler; that fuel so saturated caught fire, which, spreading first to the barrel of turpentine, and then to the boat itself, finally resulted in the burning of the boat. An act of congress in force at that time required that turpentine be kept in metallic containers or compartments lined with metal and at a secure distance from any fire.

In reversing a decision for the plaintiff, the appellate court draws a sharp distinction between "negligence" and "misconduct." At page 394 of the opinion above cited, the court says: "These views may help to draw the distinction between mere negligence, carelessness, or unskilfulness, and misconduct. It seems to us that, in usual parlance, when these terms are contradistinguished, misconduct means a transgression of some established and definite rule of action, where no discretion is left, except what necessity may demand; and that carelessness, negligence and unskilfulness

are transgressions of some established but indefinite rule of action, where some discretion is necessarily left to the actor. Misconduct is a violation of definite law; carelessness, an abuse of discretion under an indefinite law. Misconduct is a forbidden *act*; carelessness a forbidden *quality* of an act, and is necessarily indefinite."

The trial justice in the instant case does not explain, limit, or qualify his use of the term "misconduct" in any way; nor does the language of his charge convey the thought to the mind of the average lay person that he used such term as the equivalent of negligence, for this latter term, or any of its derivatives, is not used by him at any time in the charge. The jury is ordinarily composed of persons who are not trained to draw legal distinctions for themselves, and, unless otherwise instructed, they will give to the language of the court the meaning that such language usually has in common use. We are satisfied that, at least in ordinary parlance, the word "misconduct" conveys the idea of intentional wrongdoing. The instant case was commenced and tried on the theory that the plaintiff could recover if the fair preponderance of the evidence showed that the defendant was guilty of negligence. To charge the jury, pointedly and without qualification, almost at the very end of the charge, that before the plaintiff could recover he had to convince the jury by a fair preponderance of the evidence that "he was injured as the result of misconduct on the part of the defendant" was in violation of the plaintiff's rights and, therefore, prejudicial error.

The plaintiff's exception is sustained, and the case is remitted to the superior court for a new trial.

*Fergus J. McOsker,* for plaintiff.

*Ralph Rotondo,* for defendant.