July 25, 2024

Louis Paolino et al.          :

v.                            :

Commonwealth Engineers &      :
   Consulting, Inc.

NOTICE:   This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Louis Paolino et al.       :

v.       :

Commonwealth Engineers &       :
Consulting, Inc.

Present: Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

# O P I N I O N

**Justice Lynch Prata, for the Court.** This case came before the Supreme

Court pursuant to an order directing the parties to appear and show cause why the

issues raised in this appeal should not be summarily decided. The plaintiff, Louis

Paolino,[1] appeals from the Superior Court's entry of summary judgment in favor of

the defendant, Commonwealth Engineers & Consulting, Inc. (Commonwealth).

After considering the parties' written and oral submissions and reviewing the record,

we conclude that cause has not been shown and that this case may be decided without

---

[1] Marie E. Issa, Louis Paolino's wife, is listed as a plaintiff on the complaint, but only Mr. Paolino is listed as an appellant on the notice of appeal. Throughout this opinion we refer to Mr. Paolino and Ms. Issa, collectively as plaintiffs for ease of reference except when referring to the arguments made exclusively by Mr. Paolino in the present appeal.

further briefing or argument. For the reasons set forth herein, we affirm the judgment of the Superior Court.

## Facts and Travel

This dispute, concerning the contamination and remediation of two properties in Cumberland, Rhode Island, is not new to this Court. *See Paolino v. Ferreira*, 153 A.3d 505 (R.I. 2017) (*Paolino I*). Because the facts of the underlying dispute are set forth in detail in our previous opinion, we relate here only the facts and procedural history that are relevant to the present appeal.

The plaintiffs own property (the Paolino property) located on Curran Road in Cumberland, Rhode Island, which abuts a thirty-nine acre site (the Ferreira property) owned by J.F. Realty, LLC and operated as an automobile recycling business by LKQ Route 16 Used Auto Parts, Inc., d.b.a. Advanced Auto Recycling (LKQ Recycling). Joseph I. Ferreira (Ferreira) is the sole member of J.F. Realty, LLC, through the Joseph I. Ferreira Trust (the Ferreira Trust). Ferreira began operating his property as an automobile salvage yard in approximately 1984, and plaintiffs bought their property a year later. Ferreira, J.F. Realty, LLC, LKQ Recycling, and the Ferreira Trust (collectively, the Ferreira defendants) were named defendants in several prior lawsuits filed by plaintiffs.

In 2005 the Department of Environmental Management (DEM) sent a letter of responsibility to the Ferreira Trust concerning contamination on the Ferreira

- 2 -

property. Ferreira subsequently hired the present defendant, Commonwealth, to design a stormwater remediation system that addressed the contamination issues. The stormwater remediation system, completed in 2008, includes two outflow pipes set in a headwall located close to Curran Road and at the border of the Ferreira and Paolino properties. The headwall and outflow pipes face Curran Road so that water carried through the system discharges into a drainage channel at the edge of the road. The water collects in the channel before draining through a culvert, carrying the water under Curran Road and away from the properties. The stormwater remediation system is designed such that water that settles on the surface of the Ferreira property is funneled into the stormwater remediation system. The water then passes through an underground oil/water separator and sits in an underground detention basin that allows contaminants to settle to the bottom of the chamber, resulting in a cleaner outflow. Riprap was also installed around the drainage channel for temporary sediment control.[2] Nevertheless, plaintiffs contend that the system continues to discharge contaminated stormwater onto their property. Moreover, Commonwealth did not complete a property boundary survey prior to commencing work on the project. As a result, the headwall and some of the riprap lining the drainage channel encroach onto the Paolino property.

---

[2] Riprap is a "loose assemblage of broken stones erected in water or soft ground as a foundation." The American Heritage Dictionary of the English Language 1514 (5th ed. 2011).

In 2006 plaintiffs filed their first action, a complaint in the Superior Court (hereinafter the state action) alleging that the Ferreira defendants caused contaminants to flow onto their property. The plaintiffs subsequently amended their complaint to add a claim for continuing trespass. The complaint was removed to the United States District Court for the District of Rhode Island (the federal district court) on September 4, 2009, after plaintiffs' fourth amended complaint included federal environmental claims. On March 30, 2011, the federal claims were dismissed due, in part, to lack of proper notice, and the state claims were remanded to the Superior Court. *LM Nursing Service, Inc. v. Ferreira*, No. 09-cv-413-SJM-DLM, 2011 WL 1222894, at *8 (D.R.I. Mar. 30, 2011).

On remand, plaintiffs proceeded on their trespass claims, and the case culminated in an eleven-day jury trial in the Superior Court. At trial, plaintiffs' expert was precluded from giving testimony relevant to the cause of contamination on plaintiffs' property, and thus there was insufficient evidence for the jury to consider awarding damages stemming from the alleged trespass of contaminants. Consequently, although the jury found that the headwall and riprap for the stormwater remediation system encroached on plaintiffs' property, the jury awarded only nominal damages for the encroachment. After trial, plaintiffs requested injunctive relief to remedy the continuing trespass, and the first trial justice conducted an evidentiary hearing on plaintiffs' motion.

- 4 -

The first trial justice granted plaintiffs' request for injunctive relief as to a metal building encroaching on the Paolino property and ordered its removal. However, with respect to the encroaching headwall and riprap, the first trial justice concluded that the encroachments were *de minimis* and that their removal would not benefit plaintiffs, but rather would disproportionally harm defendants. Therefore, she denied plaintiffs' request for injunctive relief as to those encroachments. Judgment entered for plaintiffs, and plaintiffs filed their first appeal.

In an opinion issued on February 16, 2017, we affirmed in part and vacated in part the decisions of the first trial justice. *Paolino I*, 153 A.3d at 529. This Court affirmed the first trial justice's decision granting in part and denying in part injunctive relief, reasoning that she engaged in an appropriate balancing of the equities given that she determined that the headwall and riprap encroachments were *de minimis*. *Id.* at 515-16. We vacated in part, however, because we determined that the first trial justice inappropriately restricted the testimony of plaintiffs' expert. *Id.* at 525. We thus ordered a "new trial on all issues, excluding the issue of injunctive relief." *Id.*

The case was once again tried before a jury in the Superior Court. The plaintiffs argued that there was a continuing trespass because contaminants had migrated to their property from the Ferreira property and because the stormwater remediation system contained contaminants. However, the jury found that there was

no continuing trespass. Moreover, although the jury found that portions of the stormwater remediation system encroached on plaintiffs' property, plaintiffs were awarded no damages for the encroachment given that they declined to request compensatory damages and because the jury found that no punitive damages were warranted. In response, plaintiffs filed a motion for a new trial, arguing that the evidence clearly established that contamination had migrated onto the Paolino property from the Ferreira property. The second trial justice denied plaintiffs' motion, finding that the jury appropriately found that plaintiffs failed to meet their burden of proof on the issue of trespass. The second trial justice reasoned that the jury weighed the conflicting expert opinions and accepted the testimony of defendants' expert. The second trial justice noted that although there may have been some surface water that migrated from the Ferreira property to the Paolino property, there was simply no evidence demonstrating that *contaminants* had migrated from the Ferreira property to the Paolino property.

Meanwhile, litigation was ongoing in the federal courts. On January 20, 2012, plaintiffs filed a complaint in the federal district court under the Clean Water Act (the CWA) against the Ferreira defendants (the federal action). The complaint was a citizens' enforcement action pursuant to 33 U.S.C. § 1251. In their complaint, plaintiffs alleged that the Ferreira defendants lacked a valid permit and that contaminated stormwater runoff was being discharged from the Ferreira property

into United States waters, violating the CWA. The federal district court initially dismissed the complaint due to defective pre-suit notice; however, the United States Court of Appeals for the First Circuit reversed in *Paolino v. JF Realty*, 710 F.3d 31, 40 (1st Cir. 2013), and the case was remanded to the federal district court for a seven-day bench trial.

In its decision, the federal district court noted that to succeed in their CWA claim, plaintiffs were required to prove that defendants "discharged a pollutant from a point source into navigable waters without a permit" or that defendants failed to comply with their permit's conditions. *Paolino v. JF Realty, LLC*, C.A. No. 12-039-ML, 2014 WL 6485842, at *20 (D.R.I. Nov. 19, 2014) (*Paolino II*). The federal district court determined that plaintiffs failed to prove defendants violated the CWA because the evidence at trial demonstrated that defendants made extensive efforts to comply both with the conditions imposed by the DEM and with the conditions imposed by the permit. *Id.* The federal district court summarized that "the evidence and testimony offered at trial establish that the [d]efendants, with the input and approval of RIDEM, built a state-of-the[-]art stormwater management system on the [Ferreira] [p]roperty, which was designed to address all aspects of stormwater runoff and to bring the [Ferreira] [p]roperty into compliance with environmental regulations." *Id.* at *22. Therefore, plaintiffs failed to prove their CWA claim. *Id.* at *23.

Undeterred, plaintiffs filed the present action against Commonwealth in the Superior Court on January 23, 2017. In count one of their complaint, plaintiffs alleged that, between 2006 and 2009, Commonwealth negligently designed and constructed a stormwater remediation system on an abutting property such that the system disposes of contaminated stormwater from the Ferreira property onto plaintiffs' property. In count two of their complaint, plaintiffs alleged that, between 2006 and 2009, Commonwealth negligently designed and constructed the stormwater remediation system such that the system encroached on their property. On November 17, 2022, Commonwealth filed a motion for summary judgment premised on the doctrine of collateral estoppel.

The hearing justice granted defendant's motion for summary judgment. The hearing justice determined that there was an identity of issues between count one of the present action and the federal action because in the present action plaintiffs alleged that defendant negligently designed the stormwater remediation system such that it deposits contaminated stormwater onto plaintiffs' property, and in their federal action, plaintiffs alleged that contaminated stormwater runoff was being discharged from the Ferreira property onto the Paolino property. The hearing justice further reasoned that because the federal district court noted that the Ferreira defendants built a state-of-the-art stormwater remediation system, the issue of whether Commonwealth negligently designed and constructed the stormwater

- 8 -

remediation system is identical to the issue previously decided by that court. Regarding count two, he determined that there was an identity of issues between the present case and the state action because "the issue of [the] stormwater system's trespass on plaintiffs' property was litigated extensively * * * in prior proceedings." Thereafter, final judgment was entered, and Mr. Paolino filed a timely appeal.

## Standard of Review

"This Court reviews a decision granting a party's motion for summary judgment *de novo*." *Nissensohn v. CharterCARE Home Health Services*, 306 A.3d 1026, 1033 (R.I. 2024) (quoting *Citizens Bank, N.A. v. Palermo*, 247 A.3d 131, 133 (R.I. 2021)). "We assess the matter 'from the vantage point of the trial justice, viewing the evidence in the light most favorable to the nonmoving party, and if we conclude that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law, we will affirm.'" *Id.* (brackets and deletions omitted) (quoting *Citizens Bank, N.A.*, 247 A.3d at 133). "Although summary judgment is recognized as an extreme remedy, to avoid summary judgment the burden is on the nonmoving party to produce competent evidence that proves the existence of a disputed issue of material fact." *Id.* (deletion omitted) (quoting *Citizens Bank, N.A.*, 247 A.3d at 133).

**Discussion**

Under the doctrine of collateral estoppel, "an issue of ultimate fact that has been actually litigated and determined cannot be re-litigated between the same parties or their privies in future proceedings." *Commercial Union Insurance Company v. Pelchat*, 727 A.2d 676, 680 (R.I. 1999). The application of collateral estoppel requires "(1) an identity of issues; (2) a final judgment on the merits; and (3) an establishment that the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior action." *Providence Teachers Union, Local 958, American Federation of Teachers, AFL-CIO v. McGovern*, 113 R.I. 169, 172, 319 A.2d 358, 361 (1974). Mr. Paolino acknowledges that the latter two elements have been met in this case; therefore, the only issue before this Court is whether there is an identity of issues between the present action and the prior actions.

Mr. Paolino argues that the present issues are different from the issues in the federal action because the federal action determined whether the Ferreira defendants violated the CWA's effluence standards, not whether the stormwater remediation system was negligently designed. Moreover, he asserts that the issue of whether the stormwater remediation system was negligently designed was not necessarily decided by the federal district court because that issue was not determinative of the outcome of that case. In response, Commonwealth argues that there is an identity

- 10 -

of issues between count one of this case and the federal action because the federal district court "rejected the contamination claim in [its] [b]ench [d]ecision in 2014."

The identity-of-issues requirement is subdivided "into three factors: (1) the issue sought to be precluded must be identical to the issue determined in the earlier proceeding, (2) the issue must actually have been litigated in the prior proceeding, and (3) the issue must necessarily have been decided." *E.W. Audet & Sons, Inc. v. Fireman's Fund Insurance Company of Newark, New Jersey*, 635 A.2d 1181, 1186 (R.I. 1994). An issue is actually litigated when it is properly raised, submitted for determination, and actually determined. *See* Restatement (Second) *Judgments* § 27 cmt. d (June 2024 Update). An issue is necessarily decided when it is essential to the judgment, rather than being resolved in mere dicta. *See id.* § 27 cmt. e.

The hearing justice reasoned that there was an identity of issues between count one of the present action and the federal action because the federal district court determined that the Ferreira defendants, with the aid of Commonwealth, built a "state-of-the-art" stormwater remediation system, designed to "bring the [Ferreira] property into compliance with environmental regulations." (Quoting *Paolino II*, 2014 WL 6485842, at *22.) However, while Commonwealth's state-of-the-art design may be relevant to the issue of negligence in the present case, the two issues—whether Commonwealth designed a system to bring the property into compliance with federal environmental regulations and whether Commonwealth

- 11 -

was negligent in designing a system that outflows onto plaintiffs' property—are simply not identical. *See E.W. Audet & Sons, Inc.*, 635 A.2d at 1186 ("[T]he issue sought to be precluded must be identical to the issue determined in the earlier proceeding * * *."); *Mandella v. Mariano*, 61 R.I. 163, 166, 200 A. 478, 479 (1938) ("[N]egligence, speaking generally, is a relative term implying failure to comply with an indefinite rule of conduct *in the circumstances of any particular case*.") (emphasis added).

The hearing justice also reasoned that there was an identity of issues because plaintiffs in the federal action alleged that contaminated stormwater runoff was being discharged from the Ferreira property onto the Paolino property. Although plaintiffs did make such an allegation in the federal action, the issue was not actually litigated. *See E.W. Audet & Sons, Inc.*, 635 A.2d at 1186 (noting that in order to meet the identity-of-issues requirement, the issue must not only be identical to the issues in the prior proceeding, but also have been actually litigated in and necessarily decided by the prior proceeding). The plaintiffs alleged in their federal complaint that the improper treatment of stormwater on the Ferreira property was contaminating their property, but they did not submit this issue for determination to the federal district court. *See* Restatement (Second) *Judgments* § 27 cmt. d (June 2024 Update) (noting that an issue is actually litigated when it is "properly raised, by the pleadings or otherwise, and is submitted for determination, and is

determined"). Instead, the federal district court noted in its summation of the facts that the DEM advised plaintiffs that stormwater was being discharged onto the Curran Road right-of-way, rather than on plaintiffs' property, but the federal district court itself never determined that issue. Accordingly, the present issue—whether the stormwater remediation system was designed such that it deposits contaminated stormwater onto plaintiffs' property—was not actually litigated in the federal action, and thus there is no identity of issues between the present action and the federal action. *See E.W. Audet & Sons, Inc.*, 635 A.2d at 1186; Restatement (Second) *Judgments* § 27 (June 2024 Update).

Nevertheless, we may affirm on other grounds. *Miller v. Metropolitan Property and Casualty Insurance Co.*, 111 A.3d 332, 339 (R.I. 2015) (noting that this Court may affirm or overturn a trial justice's legal determinations on other grounds). Commonwealth alternatively argues that the issue of whether contaminants flowed onto plaintiffs' property by virtue of the stormwater remediation system was already decided by the second jury in the state action. We agree.

In count one of the present action, plaintiffs alleged that Commonwealth negligently designed the stormwater remediation system such that it deposits contaminated stormwater from the Ferreira property onto the Paolino property. Likewise, in the state action, plaintiffs alleged that the Ferreira defendants

- 13 -

committed a trespass by causing contaminants to flow onto their property. At the second trial, plaintiffs' expert testified that contaminated water was continuously being discharged from the headwall of the stormwater remediation system, causing contaminants to funnel onto plaintiffs' property. The jury, however, found that plaintiffs had not committed a trespass, and the second trial justice declined to overturn the jury's verdict, reasoning that plaintiffs failed to prove that contaminants had migrated from one property to the other. Further, the issue was actually litigated because plaintiffs raised the issue, offered evidence on the issue, and submitted it to the jury for determination. *See* Restatement (Second) *Judgments* § 27. Lastly, the issue was necessarily decided because determining whether contaminants were discharged from the Ferreira property onto plaintiffs' property was essential to a finding of trespass in the state action. *See id.*; *see also Mosby v. Goff*, 21 R.I. 494, 496, 44 A. 930, 930 (1899) (holding that a defendant trespassed when he entered plaintiff's dwelling without a license). Accordingly, the issue of whether the stormwater remediation system discharges contaminants onto plaintiffs' property is identical to the issue that was already decided by the jury in the state action. *See E.W. Audet & Sons, Inc.*, 635 A.2d at 1186.

As such, there is an identity of issues between count one of the present action and the state action, and plaintiffs are precluded from relitigating their claim that the stormwater remediation system discharges contaminants onto plaintiffs' property.

*E.W. Audet & Sons, Inc.*, 635 A.2d at 1186. Therefore, we affirm the hearing justice's grant of summary judgment as to count one of plaintiffs' complaint under the doctrine of collateral estoppel.

In regard to count two, the hearing justice reasoned that there was an identity of issues between count two of the present case—in which plaintiffs are alleging that Commonwealth negligently designed the stormwater remediation system such that it encroached on plaintiffs' property—and the prior cases because the trespass was "litigated extensively * * * in prior proceedings." Commonwealth argues that count two should be precluded because this Court has already affirmed the first trial justice's determination that the encroachment was *de minimis*.

In the state action, we affirmed the first trial justice's finding that the damages stemming from the encroachment of the headwall and riprap were *de minimis*. *Paolino I*, 153 A.3d at 515-16. A *de minimis* injury is one that is "so insignificant that a court may overlook it in deciding an issue or case." Black's Law Dictionary 544 (11th ed. 2019). In order to prove negligence in the present action, plaintiffs must prove that they suffered "actual loss or damage" stemming from the encroachment of the headwall and riprap. *Curreri v. Saint*, 126 A.3d 482, 486 (R.I. 2015) (quoting *Medeiros v. Sitrin*, 984 A.2d 620, 625 (R.I. 2009)). Therefore, the issue to be decided in the present action—whether plaintiffs suffered "actual loss or damage" due to the encroachment of the stormwater remediation system—is

identical to the issue already decided in the state action—that "there would ultimately be no benefit to plaintiffs if the riprap and headwall were removed." *Paolino I*, 153 A.3d at 514.

Further, the issue was actually litigated because plaintiffs raised the issue in their motion for injunctive relief following the first trial, offered evidence on the issue, and submitted it to the first trial justice for a determination. *See Paolino I*, 153 A.3d at 512-13; Restatement (Second) *Judgments* § 27. Lastly, the issue was necessarily decided because determining that the encroachment was *de minimis* and that its removal would not benefit plaintiffs was essential to this Court's conclusion that there were exceptional circumstances that warranted a departure from the general rule that injunctive relief is the appropriate remedy for a continuing trespass. *See Paolino I*, 153 A.3d at 515-16; Restatement (Second) *Judgments* § 27. Moreover, the determination that the approximately thirteen-inch encroachment was *de minimis* in proportion to the harm that the Ferreira defendants would suffer was essential to this Court's holding that the first trial justice engaged in an appropriate balancing of the equities in denying injunctive relief. *Paolino I*, 153 A.3d at 515-16. Accordingly, there is an identity of issues between count two of the present action and the state action, and plaintiffs are precluded from relitigating the issue of their damages stemming from the stormwater remediation system. *See E.W. Audet & Sons, Inc.*, 635 A.2d at 1186.

- 16 -

## Conclusion

For the reasons stated herein, we affirm the judgment of the Superior Court.

The papers shall be returned to the Superior Court.



**STATE OF RHODE ISLAND**

**SUPREME COURT – CLERK'S OFFICE**
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Louis Paolino et al. v. Commonwealth Engineers & Consulting, Inc. |
| **Case Number** | No. 2023-185-Appeal. (PC 17-368) |
| **Date Opinion Filed** | July 25, 2024 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice Erin Lynch Prata |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Kevin F. McHugh |
| **Attorney(s) on Appeal** | For Plaintiffs: Ronald L. Bonin, Esq. |
| | For Defendant: Mark P. Dolan, Esq. |